James CORKE, Plaintiff,

v.

SAMEIET M. S. SONG OF NORWAY, Royal Caribbean Cruise Line A/S, Royal Caribbean Cruise Line, Inc., and Per Oslebye, M.D., Defendants.

Civ. No. 75–89.

United States District Court, W. D. New York.

Aug. 11, 1977.

Samuel F. Prato, Rochester, N. Y., for plaintiff; Robert K. Marzik, New York City, of counsel.

Fenton F. Harrison, Harrison & Gruber, Buffalo, N. Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this diversity action to recover damages for personal injuries allegedly sustained by plaintiff as a result of a shipboard accident and subsequent medical treatment by the ship's doctor, defendants move pursuant to Fed.R.Civ.P. rule 56(b) for summary judgment on the grounds that this Court is without personal jurisdiction over defendants and that the action was not filed within one year from the occurrence of the alleged accident and is therefore barred under the provisions of 46 U.S.C. § 183(b) and the passage contract. Plaintiff has moved pursuant to 28 U.S.C. § 1404(a) and § 1406 to transfer this action to the United States District Court for the District of Florida.

This action was instituted to recover damages for injuries allegedly sustained by plaintiff on March 27, 1973 while he was a cruise passenger aboard the M.S. "Song of Norway", a vessel owned by defendant Sameiet M.S. "Song of Norway", managed by defendant Royal Caribbean Cruise Line A/S, and operated by defendant Royal Caribbean Cruise Line, Inc. The accident allegedly occurred when the vessel was on the high seas in the Caribbean. Plaintiff slipped on water which had accumulated upon the deck from the ship's swimming pool. Plaintiff further claims that defendant Per Oslebye, M.D., the ship's doctor who examined plaintiff after the accident, failed to diagnose the injury, failed to advise plaintiff of the nature of his injury, and failed to treat plaintiff properly.

█ Plaintiff invokes New York's CPLR § 302(a)(3)(i) and (ii) as the basis for personal jurisdiction for his action in this Court. Plaintiff contends that defendant committed a tort outside of the State of New York, causing injury to plaintiff, a resident of New York, that defendants regularly solicited cruise business in New York and derived substantial revenue therefrom, and that defendants derived substantial revenue from interstate and international commerce. When plaintiff's contentions are compared with CPLR § 302(a)(3)(i) and (ii), it is apparent that plaintiff misreads this portion of New York's long arm statute and that section 302(a)(3) does not support personal jurisdiction over the defendants.

CPLR § 302(a)(3) authorizes personal jurisdiction over any nondomiciliary who, in person or through an agent:

"commits a tortious act without the state _causing injury to person or property within the state,_ * * * if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce". (Underscoring added.)

 An injury does not occur within New York simply because plaintiff is a resident of the state. *American Eutec. Weld. S. Co. v. Dytron Alloys Corp.*, 439 F.2d 428 (2d Cir. 1971). As the prerequisite minimal contact, the situs of the injury must be in New York before New York can exercise its power over a prospective defendant. *Wurtenberger v. Cunard Line Limited*, 370 F.Supp. 342 (S.D.N.Y. 1974). The situs of the injury from neither the fall nor the alleged medical malpractice is New York. Therefore, there is no personal jurisdiction over the defendants pursuant to CPLR § 302(a)(3).

There is no other ground upon which plaintiff can assert such jurisdiction. Plaintiff concedes that the defendant corporations were not doing business in New York as is required for jurisdiction under CPLR § 301. Nor is there personal jurisdiction pursuant to CPLR § 302(a)(1). The alleged acts of negligence are so removed from the delivery of the ticket within New York that they are no longer part of such transaction. *Gelfand v. Tanner Motor Tours Ltd.*, 339 F.2d 317 (2d Cir. 1964).

Plaintiff's request for transfer to Florida where personal jurisdiction over the corporate defendants may be had does not correct the lack of personal jurisdiction in this Court. While *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), does permit transfers even where personal jurisdiction over defendants in the transferor court is questionable, the transferee court's jurisdiction is dependent upon the jurisdiction of the transferor court. Jurisdiction, where none existed, cannot be created by transferring an action. Because there clearly is not personal jurisdiction in this Court over the defendants, nothing will be gained by transfer and plaintiff's request therefore must be denied.

Having found that this Court is without personal jurisdiction over defendants, I do not decide the merits of defendants' claim that plaintiff's claim is time barred.

It is therefore hereby

ORDERED that plaintiff's action is dismissed for lack of personal jurisdiction and plaintiff's motion for transfer is denied.