■    HARRY BOSER et al., Respondents, v C. RAYMOND BURDICK et al., Doing Business as BURDICK TRAILER SALES & SERVICE, et al., Defendants, and WEDGEWOOD HOLLY CORPORATION, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed as to defendant Wedgewood. Memorandum: Defendant Wedgewood Holly Corp. appeals from denial of its motion for summary judgment to dismiss plaintiffs' complaint for lack of jurisdiction. Defendant claims that service of process upon it was never effected and that plaintiffs therefore did not obtain jurisdiction. We agree. In order to obtain personal jurisdiction over a corporation, process must be delivered to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (CPLR 311, subd 1). The record indicates that plaintiffs' process server, an attorney, served the summons and complaint on a person who advised him that he was employed by "Frigiking," a corporation distinct from defendant, which had purchased some of defendant's assets and equipment. He clearly had no relationship with the defendant corporation. Under those circumstances the process server did not act reasonably or with due diligence to effect service and plaintiffs therefore did not obtain jurisdiction *(McDonald v Ames Supply Co.,* 22 NY2d 111; *Jacobs v Zurich Ins. Co.,* 53 AD2d 524 app dsmd 40 NY2d 844). Plaintiffs' argument that defendant should be estopped from asserting improper service is without merit. Nothing in the record supports plaintiffs' contention that Wedgewood Holly or any agent or employee thereof represented to plaintiffs' process server that it was still doing business at its old address. Although defendant was still listed in the telephone directory at that address and its signs were still on the premises, the process server was clearly informed that Wedgewood Holly was no longer at that address. The burden of proving jurisdiction is on the party asserting it *(Jacobs v Zurich Ins. Co., supra; Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, 490 affd 20 NY2d 733), and the hearsay allegations here do not rise to the requisite level of proof *(Ziperman v Frontier Hotel of Las Vegas,* 50 AD2d 581, 582). (Appeal from order of Cattaraugus Supreme Court—summary judgment.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.