**HANSA MARINE INSURANCE CO., LTD., Plaintiff,**

v.

**OCEAN TRAMPING CO., LTD. in personam, Cast Ship Services Canada Ltd., in personam, M/V "CAST ORCA", in rem, Defendants.**

**No. 83 Civ. 5916 (JMC).**

United States District Court, S.D. New York.

March 5, 1984.

Cichanowicz & Callan, New York City (John K. Ford, New York City, of counsel), for plaintiff.

Healy & Baillie, John D. Kimball, Elisa M. Pugliese, New York City, for defendant Ocean Tramping Co., Ltd.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendant Ocean Tramping Co., Inc.'s ["Ocean Tramping"] motion to dismiss the complaint against it is granted. Fed.R. Civ.P. 12(b)(2).

### FACTS

On August 10, 1983, plaintiff, a Swedish company with its principal place of business in Stockholm, commenced this maritime action against defendant Ocean Tramping, a Hong Kong company, with its principal place of business in Hong Kong, and defendant Cast Ship Services Canada Limited ["Cast"], alleging a cargo claim. Ocean Tramping moves to dismiss the complaint alleging that the Court lacks personal jurisdiction over it. Plaintiff, in response, contends that the Court has person-

al jurisdiction over defendant because it has committed a tort outside of New York that caused injury in New York pursuant to N.Y.Civ.Prac.Law § 302(a)(3) (McKinney 1972) ["section 302(a)(3)"].

On July 25, 1980, Ocean Tramping, owner of the M.V. Cast Orca ["Cast Orca"], chartered the Cast Orca to the Charterer, Cast Shipping Limited, who instructed Ocean Tramping to send the vessel to Antwerp, Belgium. An affiliate of the Charterer, Cast North America Limited, issued a bill of lading which indicated that on January 1, 1982, a shipment of brass radiator strips in coils packed in one container [hereinafter "the container"] would be shipped from Zutphen, Holland to Montreal, Canada.[1] The container was delivered to the point of discharge—Montreal—on January 21, 1982.

Unfortunately, when the Canadian consignee delivered the container to the "notifying party" in New York, it was damaged. Shortly thereafter, plaintiff sent its statement of claim for damages to defendant Cast. A Lloyd's Survey Report suggested that the damage to the container could have been caused by bad weather during the voyage of the vessel.[2]

Chen Ja-He, Director of Ocean Tramping, stated that:

Ocean Tramping has not had and does not have any general or other Agent or employees in the State of New York nor did nor does Ocean Tramping maintain an office in the State of New York nor did nor does Ocean Tramping advertise or in any way solicit charters, freights, or cargoes in the State of New York. Ocean Tramping has never been listed in New York telephone directories and is not licensed to do business in the State of New York. Ocean Tramping has never

done business nor held itself out as doing business in the State of New York. In the last two years, no vessels belonging to Ocean Tramping have ever called at New York.[3]

Ocean Tramping further states that the Cast Orca has never been called to New York.

## DISCUSSION

To determine whether this Court has personal jurisdiction over Ocean Tramping, it applies the law of New York. *See Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 901 (2d Cir.1981).[4] To maintain an action against a foreign entity, plaintiff must show by a preponderance of evidence that Ocean Tramping has minimum contacts with New York to confer personal jurisdiction. Plaintiff contends that Ocean's conduct satisfies the requirements of section 302(a)(3).

Although plaintiff does not address the issue, the Court notes that Ocean Tramping's contacts with New York do not satisfy the requirements for "doing business" pursuant to N.Y.Civ.Prac.Law § 301 (McKinney 1972) ["section 301"]. Ocean Tramping's activity in New York is hardly systematic and continuous, *see Selman v. Harvard Medical School,* 494 F.Supp. 603, 611 (S.D.N.Y.), *aff'd,* 636 F.2d 1204 (2d Cir.1980), and clearly does not constitute a substantial portion of its business, *see Potter's Photographic Applications Co. v. Ealing Corp.,* 292 F.Supp. 92, 99 (E.D.N.Y. 1968). Plaintiff has offered no evidence which would establish that Ocean Tramping conducts or even solicits business in New York. Furthermore, Ocean Tramping did not ship goods to New York. Thus,

**1.** *See Notice of Motion to Dismiss Complaint for* Lack of Jurisdiction, Exh. A (filed Nov. 23, 1983) [hereinafter "Notice of Motion"].

**2.** *See* Plaintiff's Memorandum in Opposition to Ocean Tramping Co., Ltd's Motion to Dismiss, Attachment (filed Dec. 2, 1983) [hereinafter "Plaintiff's Memo in Opposition"].

**3.** Notice of Motion, Exh. B at 2.

**4.** The parties do not consider whether a federal standard governing personal jurisdiction may render Ocean Tramping amenable to suit in New York. *See Dunn v. Southern Charters, Inc.,* 506 F.Supp. 564, 566 n. 2 (E.D.N.Y.1981); *but see Masonite Corp. v. Hellenic Lines, Ltd.,* 412 F.Supp. 434, 437 (S.D.N.Y.1976).

there are insufficient contacts with New York to constitute "doing business" under section 301. *See Beacon Enterprises, Inc. v. Menzies, supra,* 715 F.2d at 762–63.

Likewise, considering the activities which relate to the instant action, *see McGowan v. Smith,* 52 N.Y.2d 268, 272–73, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981), Ocean Tramping's activities do not constitute the minimum contacts required for "transacting business" pursuant to N.Y.Civ.Prac.Law § 302(a)(1) (McKinney 1981) ["section 302(a)(1)"]. While the container was ultimately sent to New York after its delivery to Montreal, the fact remains that the Cast Orca delivered the container to Montreal—not New York. Furthermore, there is no allegation that the consignee who transported the container to New York is an agent of Ocean Tramping, thereby conferring jurisdiction over Ocean Tramping because of an agency relationship.

■ Plaintiff contends that defendant's activities satisfy the requirements of section 302(a)(3). Because plaintiff does not specify whether Ocean Tramping's conduct confers personal jurisdiction over it by virtue of section 302(a)(3)(i) or (ii), the Court considers both subsections. Section 302(a)(3) provides:

(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

. . . .

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

To establish jurisdiction pursuant to section 302(a)(3), plaintiff must show that Ocean Tramping committed a tort outside of New York. *See Fantis Foods, Inc. v. Standard Importing,* 49 N.Y.2d 317, 320, 402 N.E.2d 122, 126, 425 N.Y.S.2d 783, 786 (1980). Assuming *arguendo* that the complaint alleges that Ocean Tramping committed a tort,[5] the Court finds that plaintiff has failed to show that an injury was sustained *in New York* as a result of the alleged tortious conduct. *See Corke v. Sameiet M.S. Song of Norway,* 435 F.Supp. 308, 309–10 (W.D.N.Y.1977). First, plaintiff's complaint alleges that the container was "damaged in transit" and Lloyd's Service Report suggested that the container was damaged due to bad weather at sea.[6] Second, in its brief, plaintiff conclusively alleges that "[t]he damage to the container was done while in the custody of the vessel, and it caused injury within New York."[7] While it is not entirely clear what injury plaintiff is alleging, the Court notes that financial loss suffered as a result of an alleged tort is not the type of injury that in and of itself establishes jurisdiction pursuant to section 302(a)(3).[8] *See Dunn v. Southern Charters, Inc.,* 506 F.Supp. 564, 568 (S.D.N.Y.1981); *Pocahontas Supreme Coal Co. v. National Mines Corp.,* 90 F.R.D. 67, 73 (S.D.N.Y.1981).

■ Furthermore, with respect to section 302(a)(3)(ii), plaintiff has failed to show

---

5. The Court notes that a claim for damaged goods is more akin to a contract claim than to a tort claim.

6. *See* Plaintiff's Memo in Opposition.

7. *Id.* at 2.

8. With respect to N.Y.Civ.Prac.Law § 302(a)(3)(i) (McKinney 1972), the Court has already determined that Ocean Tramping's activities do not satisfy any of the requirements of this subsection. *See* text *supra* at 1534–1535.

that Ocean Tramping expected consequences in New York from its actions *and* that it derives substantial revenue from interstate or international commerce.[9] The Court is mindful that because it is deciding the instant motion on the basis of affidavits, plaintiff need "make only a prima facie showing of jurisdiction through its own affidavits and supporting materials," *Marine Midland Bank, N.A. v. Miller, supra,* 664 F.2d at 904, to defeat the motion to dismiss. Plaintiff, however, has failed to meet this standard.[10]

Plaintiff also requests that "[a]s an alternative to dismissal, should the Court so grant it, it is respectfully suggested that the Court simply transfer this case to a New Jersey Court so that the plaintiff herein does not lose his remedy." Initially, the Court notes that plaintiff is not foreclosed from seeking a remedy against Cast. Secondly, because this Court—the transferor court—has no jurisdiction over Ocean Tramping, it lacks the power to transfer the action to New Jersey—the transferee court. *See Corke v. Sameiet M.S. Song of Norway, supra,* 435 F.Supp. at 310. Accordingly, the Court declines to transfer this action to New Jersey.

## CONCLUSION

In accordance with the foregoing, the Court grants Ocean Tramping's motion to dismiss the complaint against it. Fed.R. Civ.P. 12(b)(2).

The parties are directed to complete discovery in sixty (60) days from the date of this Memorandum and Order. At that time, the action will be placed on the Ready Calendar.

SO ORDERED.

---

**9.** Plaintiff has neither alleged net or gross profits or sales that Ocean Tramping derives from business in New York nor asserted that discovery in this area is necessary. *See Gillmore v. J.S. Inskip, Inc.,* 54 Misc.2d 218, 282 N.Y.S.2d 127 (Sup.Ct.1967).

---

**10.** Because the Court determines that it does not have personal jurisdiction over Ocean Tramping, it is not necessary to evaluate Ocean Tramping's contacts in accordance with "standards set forth in *International Shoe* and its progeny." *Shaffer v. Heitner,* 433 U.S. 186, 212, 97 S.Ct. 2569, 2583, 53 L.Ed.2d 683 (1977).