**Sang MULLINS, Plaintiff,**

v.

**Chang Kyonk HAK, Samuel E. Clark and Fast Motor Service, Inc., Defendants.**

**No. 87 CV 2005.**

United States District Court, E.D. New York.

Dec. 18, 1987.

---

John Walshe, New York City, for plaintiff.

Henry David Sculnick (Gordon & Silber, P.C., New York City), for defendant Fast Motor Service, Inc.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this action based on diversity of citizenship, 28 U.S.C. § 1332(a)(1), defendant Fast Motor Service, Inc. ("Fast Motor") moves to dismiss the Amended Complaint for lack of personal jurisdiction. Fed.R. Civ.P. 12(b)(2).

## FACTS

The Amended Complaint alleges that plaintiff is a New York citizen and Fast Motor is an Illinois citizen for purposes of diversity jurisdiction. The substance of the Complaint is that on November 23, 1986, in Michigan, a vehicle owned by Fast Motor and operated by defendant Samuel E. Clark struck a vehicle owned by defendant Hak and driven by plaintiff. Plaintiff alleges that defendants' negligence damaged him in the sum of $2,000,000. The Complaint alleges that Fast Motor does business within New York because its trucks regularly operate in the state. In addition, the Complaint asserts that Fast Motor derives substantial revenue from its business contacts in New York.

Fast Motor has moved to dismiss, asserting that the Court does not have jurisdiction over it under New York law. Fast Motor's president has submitted an affidavit stating that Fast Motor is organized in Illinois and has its sole place of business there. Affidavit of Diana Britt, dated August 5, 1987 ("Britt Affidavit"), ¶ 2. The affidavit states that Fast Motor is not licensed by the Interstate Commerce Commission to do substantial business on any New York route, and that it does not do systematic or continuous business here. *Id.* ¶ 4. A Fast Motor truck enters New York approximately once per week. *Id.* The affidavit states that in the first half of 1987 Fast Motor trucks travelled over 5 million miles, 38,000 of which were in New York. *Id.* ¶ 5. Finally, the affidavit states that Fast Motor does not have offices, salesmen, warehouses, or bank accounts in New York, and that it does not advertise here. *Id.* ¶ 6.

Plaintiff asserts that jurisdiction over Fast Motor may be exercised pursuant to N.Y.C.P.L.R. § 301 (McKinney 1972) because Fast Motor is doing business within the state. Plaintiff argues that the Britt Affidavit states facts sufficient to constitute doing business. Plaintiff also argues that Fast Motor derives substantial revenues from New York and that based on a telephone call by plaintiff's attorney to Fast Motor's Illinois office, Fast Motor picks up and off loads freight in New York. *See* Affirmation of John Walshe, dated September 25, 1987, ¶¶ 5–6.

## DISCUSSION

Because this is a diversity action, personal jurisdiction must be determined by reference to the law of the forum state. *See Arrowsmith v. UPI*, 320 F.2d 219, 223 (2d Cir.1963) (en banc). In the absence of

an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). Thus, all pleadings and affidavits must be resolved in the light most favorable to the plaintiff. *Id.*

Applying this standard, the Court makes the following findings of fact for purposes of this motion: Fast Motor is an Illinois corporation. It has no offices, warehouses, personnel, or bank accounts in New York. It does not advertise here, although it will make deliveries or pickups here if telephoned at its Chicago-area-code or toll-free number. Its trucks pass through New York once per week, and logged 38,000 miles here in the first half of 1987, out of a national total of 5 million miles.

The relevant statute in this case, N.Y.C. P.L.R. 301, *supra*, states: "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Section 301 preserves case law that held that a foreign corporation is present in New York and therefore subject to any cause of action here if it is "doing business" within the state. *See Laufer v. Ostrow*, 55 N.Y.2d 305, 309–10, 434 N.E.2d 692, 694, 449 N.Y. S.2d 456, 458 (1982). The test for doing business is simple and pragmatic. The Court must determine whether the corporation's aggregate activities in New York are such that it "may be said to be 'present' [here] 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Id.* at 310, 434 N.E.2d at 694, 449 N.Y.S.2d at 458 (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E.2d 915, 917 (1917).

 Plaintiff asserts that Fast Motor is doing business in New York because its trucks log over 1000 miles in the state each week, it makes shipments to and from New York, and it derives substantial revenue from the state. I disagree. It is clear that a foreign corporation is not considered present in New York if it merely solicits business here. *See Laufer, supra*, 55 N.Y.2d at 310, 434 N.E.2d at 694, 449 N.Y. S.2d at 459. In this case the facts do not support a finding that Fast motor even solicits business in New York. Assuming arguendo that such solicitation may be inferred from the fact that Fast Motor makes pickups and deliveries in New York, plaintiff has failed to show any permanent contact Fast Motor has with New York in addition to such solicitation.

After a thorough review of the record, I conclude that Fast Motor's presence in New York is only occasional, and is not sufficiently permanent and continuous to require it to defend this claim here. *See id.*, 434 N.E.2d at 694, 449 N.Y.S.2d at 458. Accordingly, Fast Motor's motion to dismiss the Complaint against it is granted.

SO ORDERED.