**THE WILLIAM SYSTEMS, LTD., Plaintiff,**

*v.*

**TOTAL FREIGHT SYSTEMS, INC. and Legion Insurance Company, Defendants.**

**No. CV 97–5356.**

United States District Court, E.D. New York.

Dec. 3, 1998.

Piken & Associates, Bellmore, NY (by Kenneth M. Piken), for Plaintiff.

Law Office of Doyle & Doyle, Short Hills, NJ (by Gerard S. Doyle), for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff alleges that defendant Total Freight Systems failed to deliver cargo as contractually obligated under two separate contracts of carriage. Presently before the court is defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is granted and the complaint is dismissed as to Total Freight.

## BACKGROUND

Defendant, a corporation existing under the laws of the State of New Jersey and with its principal place of business in New Jersey, is involved in the warehouse and trucking business. Plaintiff alleges that defendant failed to deliver cargo from Lakewood, New Jersey to Clinton, Connecticut as specified within two separate shipping contracts. Under one contract, plaintiff's cargo was delivered to Connecticut missing some 648 cartons; under the other contract, the cargo was never delivered. There is no allegation that any tortious act occurred in New York.

## DISCUSSION

■ The law of the forum state governs the issue of personal jurisdiction. See *Arrowsmith v. UPI*, 320 F.2d 219, 223 (2d Cir.1963) (en banc). Accordingly, in New York, jurisdiction is to be determined with reference to New York law. Plaintiff contends that defendant is subject to jurisdiction in New York either because defendant does business in New York or because this action arises out of certain minimum contacts with New York

■ The issue of personal jurisdiction over a foreign corporation said to be doing business in New York is governed by CPLR § 301. *Mullins v. Hak*, 674 F.Supp. 997, 997–98 (E.D.N.Y.1987) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985)). A corporation is subject to the personal jurisdiction of a New York court when it is "doing business in New York in the traditional sense, that is not 'occasionally or casually, but with a fair measure of permanence and continuity.'" *Glacier Refrigeration Service, Inc. v. American Transp., Inc.*, 467 F.Supp. 1104, 1106 (E.D.N.Y.1979) (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)).

In determining a corporation's New York presence, New York courts have focused on factors such as the existence of an office in the state; the solicitation of business in the state; the presence of bank accounts and property in the state; the authority to do business in New York as a foreign corporation; and the relative percentage of business done in New York by the defendant. *Hoffritz*, 763 F.2d at 58 (citing *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (N.Y.1967); *Bryant v. Finnish National Airline*, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (N.Y.1965); *see also Glacier*, 467 F.Supp. at 1106 and *Mullins*, 674 F.Supp. at 999 (each applying New York law). In *Eugene Iovine, Inc. v. Rudox Engine and Equip. Co.*, 786 F.Supp. 236, 238 (E.D.N.Y.1992) (Wexler, J.), the court held that a foreign corporation, which did not maintain an office, employees or agents in New York, did not engage in activities substantial enough to be considered "doing business" in New York.

**388**

In the case at bar, defendant's contacts with New York are too minimal to warrant finding that it is "doing business" within the state. The president of the defendant Total Freight Systems, Inc., Darren J. DeGregorio, avers by affidavit that defendant has neither an office nor employees in New York, has never registered as a foreign corporation in New York, and does not advertise, solicit business, make contracts or possess any bank accounts or property within New York. Although the defendant admits to making a few pick-ups and deliveries in the New York area, such business amounted to only approximately one percent of the total mileage of its business for 1997. A trucking company whose New York business amounted to two percent of its total business has been found not to be "doing business" within the state. *Crouch v. Atlas Van Lines, Inc.,* 834 F.Supp. 596, 600 (N.D.N.Y.1993); *see also Glacier,* 467 F.Supp. at 1106–07 ("interstate delivery of small packages ... including [to] New York on an occasional basis" was not "doing business" in New York).

Plaintiff points to the fact that defendant formerly conducted business in Albany, New York, offering it as a basis for jurisdiction. However, the Albany operation was closed down several months prior to the commencement of this action. To obtain jurisdiction under CPLR 301, defendant must be doing business at the time the action is brought, not when the cause of action arose. *Puerto Rico Maritime Shipping Auth. v. Almogy,* 510 F.Supp. 873, 878 (S.D.N.Y. 1981); *see also Arrow Trading Co., Inc. v. Sanyei Corp. Ltd.,* 576 F.Supp. 67, 69 (S.D.N.Y.1983).

Plaintiff also attempts to assert jurisdiction under New York's long-arm statute which provides that a court may exercise jurisdiction over a non-domiciliary for a cause of action arising from the transaction of any business within New York or from a contract to supply goods or service in the state. CPLR 302(a). The complaint states that the contracts were for the transportation of goods from New Jersey to Connecticut. Plaintiff submits no evidence tending to suggest that his claims arise from any business transacted in New York or any services

rendered in New York. Defendant avers that it performed no purposeful activity in New York and that New York's only connection to this matter is the incidental passage of the freight through New York on its way from New Jersey to Connecticut. Jurisdiction may not be asserted under CPLR 302(a) because there was no injury in the state as required by the statute.

The Court has considered plaintiff's remaining arguments and finds them to be without merit.

### CONCLUSION

For the reasons stated above, Total Freight's motion to dismiss for lack of in personam jurisdiction is granted.

SO ORDERED.