■ MICHAEL YACONE et al., Appellants, v EXCALIBRE MOTOR LINES et al., Respondents. [748 NYS2d 831] —Appeal from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered April 6, 2001, which granted defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by plaintiff Michael Yacone in 1996 when his vehicle collided with a vehicle owned by defendant Excalibre Motor Lines (Excalibre) and driven by defendant Neville Wright in the Province of Ontario, Canada. Supreme Court properly granted defendants' motion to dismiss the complaint based on lack of personal jurisdiction. Contrary to plaintiffs' contention, Excalibre, a Canadian corporation in the business of transporting freight, is not subject to personal jurisdiction in New York pursuant to CPLR 301. "A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted" (*Landoil Resources Corp. v Alexander & Alexander Servs.,* 77 NY2d 28, 33; *see Laufer v Ostrow,* 55 NY2d 305, 309-310; *McGowan v Smith,* 52 NY2d 268, 272). The test is whether "the aggregate of the corporation's activities in the State [are] such that [the corporation] may be said to be present in the State not occasionally or casu-

ally, but with a fair measure of permanence and continuity" (*Laufer,* 55 NY2d at 310 [internal quotation marks omitted]; *see International Shoe Co. v State of Washington,* 326 US 310, 317-318; *Landoil Resources Corp.,* 77 NY2d at 33-34; *Tauza v Susquehanna Coal Co.,* 220 NY 259, 267). In addition, "the quality and nature of the corporation's contacts with the State [must be] sufficient to make it reasonable and just according to traditional notions of fair play and substantial justice that it be required to defend the action here" (*Laufer,* 55 NY2d at 310 [internal quotation marks omitted]).

In this case, Excalibre did not own property in New York, none of its employees resided in New York, and it made no deliveries in New York. In addition, Excalibre did not advertise in New York and had no bank accounts in New York. Although Excalibre's vehicles traveled over New York roads, that travel constituted only 2.36% of the total miles traveled by the vehicles in 1996. Thus, the court properly concluded that Excalibre's occasional presence in New York is insufficient to subject Excalibre to personal jurisdiction in New York (*see Swindell v Florida E. Coast Ry. Co.,* 42 F Supp 2d 320, 323-324, *affd* 201 F3d 432; *William Sys. v Total Frgt. Sys.,* 27 F Supp 2d 386, 388; *Mullins v Hak,* 674 F Supp 997, 999; *Glacier Refrig. Serv. v American Transp.,* 467 F Supp 1104, 1106-1107). Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.