**DAVAL STEEL PRODUCTS, A DIVISION OF FRANCOSTEEL CORPORATION, Plaintiff,**

v.

**M.V. JURAJ DALMATINAC, her engines, boilers, etc., Europe–Overseas Steamship Lines N.V. and S.P. Shipping Co., Ltd., Defendants.**

**No. 88 Civ. 4475 (JMC).**

United States District Court,
S.D. New York.

May 5, 1989.

Donovan Maloof Walsh & Repetto by James F. Sweeney, New York City, for plaintiff.

Cichanowicz, Callan & Keane by J.F. De-May, New York City, for defendants.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendants' cross-motion to dismiss for lack of personal jurisdiction and insuffi-

cient service of process is granted. Fed.R. Civ.P. 12(b)(2), 12(b)(5). Plaintiff's motion for an order compelling defendants to comply with its discovery requests is denied as moot. Fed.R.Civ.P. 37(d).

## BACKGROUND

Plaintiff Daval Steel Products commenced the instant admiralty action on June 27, 1988, against the vessel M.V. Juraj Dalmatinac, and her owners/operators, Europe–Overseas Steamship Lines N.V. ["Eurolines"], and S.P. Shipping Co., Ltd. ["S.P. Shipping"]. Eurolines and S.P. Shipping are foreign corporations, Eurolines having an office in Antwerp, Belgium and S.P. Shipping having an office in Sibenik, Yugoslavia. Plaintiff seeks $48,500.76 for alleged damage to steel products which were carried by defendant vessel, from Belgium to Connecticut and Delaware.

Plaintiff now moves for an order dismissing defendants' answer and entering judgment in its favor pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Plaintiff claims that defendants have failed to respond to plaintiff's discovery requests. Alternatively, plaintiff seeks an order compelling defendants to comply with its discovery requests. Eurolines and S.P. Shipping cross-move to dismiss the complaint for lack of personal jurisdiction and insufficient service of process. Fed.R.Civ.P. 12(b)(2), 12(b)(5).

## DISCUSSION

■ When a defendant moves to dismiss a complaint for lack of personal jurisdiction, plaintiff bears the burden of proving that jurisdiction exists. *See CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986). If the court, in deciding defendant's motion to dismiss, relies on pleadings and affidavits, instead of holding an evidentiary hearing, plaintiff need only present prima facie proof of jurisdiction. *See id.* at 364; *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985).

■ Valid service of process is an essential element of personal jurisdiction. *See Soltex Polymer Corp. v. Fortex Indus., Inc.*, 590 F.Supp. 1453, 1458 (E.D.N.Y.

1984), *aff'd on other grounds*, 832 F.2d 1325 (2d Cir.1987). Eurolines and S.P. Shipping were served by mail outside of the United States. *See* Affidavit of Lawrence V. Cichanowicz, ¶ 6, 88 Civ. 4475 (JMC) (S.D.N.Y. Mar. 10, 1989).

In a federal action, Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(i)(1)(D) permits foreign mailing when "the federal or state law referred to in [Rule 4(e)] authorizes service upon a party not an inhabitant of, or found within the State in which the district court is held and service is to be effected upon the party in a foreign country...." Thus, Rule 4(i) incorporates Rule 4(e) by reference. *See Soltex*, 590 F.Supp. at 1459–60.

Under Rule 4(e) "a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service...." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S.Ct. 404, 410, 98 L.Ed.2d 415 (1987); *see also Soltex*, 590 F.Supp. at 1459 ("[I]n a typical federal action a nonresident defendant may be served in the manner prescribed by federal statutes ... or in the manner prescribed by the State rules of service.") (footnote omitted).

■ As there is no relevant federal statute authorizing foreign service of process, plaintiff must utilize the state rules of service. New York CPLR § 313 authorizes out of state service of process if defendant is a New York domiciliary, is doing business in New York or is subject to jurisdiction under CPLR § 302, the New York long-arm statute.

■ In opposing defendants' motion, the only New York contact alleged by plaintiff is that defendants' P & I Club representatives, who maintain offices in New York City, have retained counsel to defend this action. *See* Affidavit of James F. Sweeney, ¶ 3, 88 Civ. 4475 (JMC) (S.D.N.Y. Mar. 17, 1989) ["Sweeney Affidavit"] ("[T]he defense of this action is being directly controlled by the New York P & I Club representatives."). However, plaintiff cites no authority for the proposition

that such a contact would subject defendants to jurisdiction under New York law. In fact, plaintiff does not directly argue that defendants are subject to jurisdiction under New York law. Instead, plaintiff requests that defendants' cross-motion be stayed and that plaintiff be allowed to conduct discovery on the jurisdictional issue.

There is no indication that defendants were or are doing business in New York. Furthermore, there is no indication that the instant action, which involves a shipment of goods from Belgium to Connecticut and Delaware, has any connection whatsoever with New York.

> While discovery on the jurisdictional question is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiff must first make a threshold showing that there is some basis for the assertion of jurisdiction. Plaintiff must, at the least, allege facts that would support a colorable claim of jurisdiction. *See Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir.1975); *Socialist Workers Party [v. Attorney General of the United States*, 375 F.Supp. 318, 325–26 (S.D. N.Y.1974) ]. The mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation. That should have been done before the litigation began.

*Grand Bahama Petroleum Co. v. M.V. Kriti Sky*, 1978 AMC 1238, 1240–41 (S.D.N. Y.1977), *aff'd mem*, 580 F.2d 1044 (2d Cir. 1978). Plaintiff has not alleged any facts from which the Court could infer that jurisdiction may exist. Thus, plaintiff's request to conduct discovery on the jurisdictional issue is denied.

■ In the alternative, plaintiff requests that the action be transferred to the District of Connecticut, pursuant to 28 U.S.C.

§§ 1404(a) and 1406(a). Plaintiff contends that "[s]uch a transfer would be in the interests of justice inasmuch as part of the shipment involved in the instant action was discharged at New Haven and, therefore, [d]efendants would irrefutably be subject to jurisdiction in that district." Sweeney Affidavit, ¶ 6.

Before a court may transfer an action, the moving party must show that (1) the action "might" or "could" have been brought in the transferee court and (2) the transfer would be "in the interest of justice." *See* 28 U.S.C. §§ 1404(a), 1406(a); *see also Cargill, Inc. v. Paschalis*, 1988 AMC 1016, 1022, 1987 WL 17950 (S.D.N.Y. 1987); *Gipromer v. SS Tempo*, 487 F.Supp. 631, 632 (S.D.N.Y.1980).

Plaintiff's request to transfer was not made as a formal motion, but appears in one paragraph of plaintiff's affidavit in opposition to defendants' motion to dismiss. Plaintiff's affidavit fails to cite the Connecticut long-arm statute or any other authority, state or federal, to support the proposition that personal jurisdiction would be proper in the District of Connecticut. Moreover, plaintiff sets forth no facts or authorities regarding whether a transfer would be "in the interest of justice." [1]

Plaintiff has not submitted a memorandum of law in support of its request to transfer. Local Civil Rule 3(b) of the United States District Courts for the Southern and Eastern Districts of New York provides that:

> Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion.... The opposing party shall serve and file ... an answering memorandum ... setting forth the points and authorities relied upon in opposition. Failure to comply may be deemed suffi-

---

**1.** Among the factors that must be weighed by a court in deciding a motion to transfer are:

"(1) convenience of the parties; (2) convenience of fact witnesses; (3) availability of process to compel reluctant witnesses; (4) the cost of obtaining the presence of witnesses; (5) access to proof; (6) calendar congestion; (7) where the relevant events took place; and (8) the interest of justice in general."
*Cargill*, 1988 AMC at 1024 (quoting *Car–Freshner Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82, 85 (N.D.N.Y.1977)).

cient cause for the denial of the motion or the granting of the motion by default. Plaintiff has failed to set forth any authorities in support of its request to transfer. Accordingly, plaintiff's request is denied.

In sum, the Court finds that it lacks personal jurisdiction over Eurolines and S.P. Shipping and that plaintiff has failed to allege any facts which would entitle it to discovery on this issue. Thus, the complaint must be dismissed as against Eurolines and S.P. Shipping. Plaintiff's motion pursuant to Rule 37 of the Federal Rules of Civil Procedure is, therefore, moot.

### CONCLUSION

Defendants' cross-motion to dismiss for lack of personal jurisdiction and insufficient service of process is granted. Fed.R. Civ.P. 12(b)(2), 12(b)(5). Plaintiff's motion to compel discovery is denied as moot. Fed.R.Civ.P. 37(d). The Clerk of the Court is directed to enter judgment for defendants Europe–Overseas Steamship Lines N.V. and S.P. Shipping Co., Ltd. and to dismiss the complaint as to those defendants.

SO ORDERED.