**VOLKSWAGEN DE MEXICO, S.A., et al., Plaintiffs,**

v.

**GERMANISCHER LLOYD, Krupp MaK Maschinenbau GmbH, and J.J. Sietas KG Schiffswerft, GmbH and Co., Defendants.**

**GOODYEAR TIRE CO., (U.S.A.) INC., Plaintiff,**

v.

**GERMANISCHER LLOYD, Krupp MaK Maschinenbau GmbH, and J.J. Sietas KG Schiffswerft, GmbH and Co., Defendants.**

Nos. 90 Civ. 1248 (MGC), 90 Civ. 1298 (MGC).

United States District Court, S.D. New York.

July 18, 1991.

Chalos, English & Brown, New York City by Michael G. Chalos, Peter Skoufalos and Martin F. Casey, for plaintiffs.

Wilson Elser Moskowitz, Edelman & Dicker, New York City by Phillip A. Tumbarello, for defendant Germanischer LLoyd.

Herzfeld & Rubin, P.C., New York City by Terry Myers, Aaron D. Twerski, Linda Sklaren and Sandra K. Rotter, for defendant Krupp MaK Maschinenbau GmbH.

Biedermann, Hoenig, Massamillo & Ruff, New York City by Leslie F. Ruff, for defendant J.J. Sietas KG Schiffswerft, GmbH and Co.

## AMENDED OPINION AND ORDER

CEDARBAUM, District Judge.

These related admiralty actions, both of which were filed in February 1990, arise out of the disappearance and presumed loss of the M/V Tuxpan ("Tuxpan") in the North Atlantic in February, 1987. Plaintiffs are shippers, consignees, owners, and insurers of cargo that was lost when the Tuxpan disappeared. Defendants Krupp MaK Maschinenbau GmbH ("Krupp"), the builder of the Tuxpan's engine, and J.J. Sietas KG Schiffswerft, GmbH & Co. ("Sietas"), the builder of the Tuxpan, move to dismiss these actions for lack of personal jurisdiction. Krupp, Sietas, and Germanischer Lloyd ("Germanischer"), a classification society that surveyed and certified the ship, also move to dismiss these actions on the ground of *forum non conveniens.* Plaintiffs move to transfer to the Southern District of Texas the claims against any defendant over which personal jurisdiction does not exist in this court. Because plain-

tiffs have not shown that Krupp and Sietas are subject to personal jurisdiction in New York or in Texas, the motions to dismiss the complaint are granted, and plaintiffs' motion to transfer is denied. I will not consider Germanischer's *forum non conveniens* motion until the remaining parties have had an opportunity to address the effect on that issue of the dismissal of Krupp and Sietas.

## THE FACTS

The following facts pertaining to personal jurisdiction are from the complaints and the affidavits and exhibits submitted by the parties. Plaintiffs have made factual statements in their memoranda of law which have no support in the complaints or the affidavits. I do not consider those assertions.

The Tuxpan disappeared in the North Atlantic in February, 1987 en route to unidentified ports in Mexico and the United States from Bremen, Germany (then West Germany). Its cargo had been loaded in Bremen and in Antwerp, Belgium. The Tuxpan was registered in Mexico and was owned by Tecomar, a Mexican corporation.

Most of the 128 plaintiffs in these actions are corporations; a few are individuals. According to the complaints, the corporate plaintiffs are registered and the individual plaintiffs reside in the following countries: forty-two plaintiffs in Mexico, seventeen in the United States, eight in France, six in Germany, one in Switzerland, one in the Netherlands, one in the United Kingdom, and fifty-two in unidentified countries. Plaintiffs' counsel states in an affidavit that sixty-nine plaintiffs are Mexican, and thirty-two plaintiffs are registered or reside in the United States. All three defendants are German corporations.

Germanischer has an office in New York and, accordingly, concedes that it is subject to the personal jurisdiction of this court.

Krupp has submitted undisputed affidavits that show that Krupp manufactures engines in only one factory, and that that factory is located in Germany. Plaintiffs do not allege that Krupp has any office, property, or employees in the United States. However, according to an affidavit from plaintiffs' counsel, Krupp has an Illinois-based subsidiary with a New Jersey office, and another subsidiary in Ontario, Canada. Representatives of the Ontario subsidiary attended an exposition in New York in 1989. Plaintiffs' counsel states that he does not know to what extent either subsidiary acts on behalf of Krupp or transacts business in New York. Krupp has submitted affidavits stating that one employee of the Illinois subsidiary operated an office out of his home in New Jersey, but that that employee left the subsidiary's employ in 1989, and that the Illinois subsidiary has not effected any sales in New York since 1984. Krupp has also had a contractual relationship with Golten Marine Co., Inc. of Brooklyn, New York, but, according to its affidavits, Krupp has had no transactions with Golten Marine since 1982.

Krupp advertises in maritime publications which are distributed in New York and throughout the United States. According to Krupp's affidavits, it placed its advertisements with the publications' sales offices in Germany. Plaintiffs' counsel states that Krupp's ads are identical to those of its subsidiaries.

Plaintiffs' counsel also states, on information and belief, that Krupp had an agency relationship with an unidentified company in Houston which was terminated in or about 1988. According to Krupp, its Illinois subsidiary has an agreement, which it states is not an agency agreement, with a company in LaPorte, Texas, which authorizes that company to conduct service operations on marine engines and related products manufactured by Krupp and authorizes the company to purchase spare parts from the subsidiary at a discount.

Plaintiffs do not allege that Sietas, the builder of the Tuxpan, has ever had any contact with New York. Sietas has submitted undisputed affidavits showing that the Tuxpan was assembled at its only place of business, its shipyard in Hamburg, Germany.

Plaintiffs allege that Sietas had the following contacts with Texas. On various

occasions, Sietas met with Tecomar, the Mexican corporation that owned the Tuxpan, in Houston, Texas. The purpose of these meetings is not stated. Sietas sent two employees to Houston in February, 1983 to inspect and perform repairs on the Tuxpan. According to telex messages plaintiffs have submitted as evidence of the repairs performed in Houston, the items to be repaired were cargo cranes on the Tuxpan's deck. The technical director of Tecomar stated in a deposition that in 1984 the chief of Sietas's engineering department came to Galveston, Texas to change the propeller of another ship.

In 1987, Tecomar brought a proceeding in this district for limitation of liability arising out of the loss of the Tuxpan. Plaintiffs were parties to the limitation of liability action. Defendants were not. According to plaintiffs' counsel, "extensive substantive evidence was obtained and developed which is relevant to the defendants' liability in the present action." This evidence includes publications, pamphlets, drawings, contracts, specifications, surveys, and correspondence pertaining to the design, construction, and classification of the Tuxpan.

*I. Personal Jurisdiction*

 Plaintiffs bear the burden of establishing the court's personal jurisdiction over defendants. *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Alexander & Alexander v. Donald F. Muldoon & Co.*, 685 F.Supp. 346, 351–352 (S.D.N.Y.1988). Because this issue is decided initially on the pleadings and without discovery, plaintiffs need make only a *prima facie* showing of jurisdiction. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir.1984). All pleadings and affidavits must be construed in the light most favorable to plaintiffs and all doubts resolved in their favor. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985); *Alexander & Alexander*, 685 F.Supp. at 352.

 In *Omni Capital Int'l v. Rudolf Wolff & Co.*, the Supreme Court held, in a case arising under a federal statute which did not provide for service of process on a party not an inhabitant of or found within the forum state, that under Fed.R.Civ.P. 4(e), the forum state's long-arm statutes control amenability to suit in the federal courts. 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Although this is a suit in admiralty, and not a federal question action, the same principle applies. Therefore, in the absence of a federal statute authorizing service of process beyond the state, I must look to the New York long-arm statutes to determine whether I can exercise personal jurisdiction over Krupp and Sietas. Fed.R.Civ.P. 4(e). *See also Daval Steel Products v. M.V. Juraj Dalmatinac*, 718 F.Supp. 159 (S.D.N.Y.1989).

Plaintiffs argue that personal jurisdiction exists over Krupp and Sietas because they are "doing business" in New York under New York Civil Practice Law and Rules ("CPLR") § 301 and because they transacted business in New York within the meaning of CPLR § 302(a)(1). I will treat these arguments in turn.

### CPLR § 301

 In order to be subject to personal jurisdiction under CPLR § 301, a non-resident defendant must be "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). A foreign corporation may also be subject to jurisdiction in New York under § 301 when a separate corporation, acting with its authority and for its substantial benefit, carries out activities in New York that are more than "mere solicitation" and are

> sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.

*Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116, 121 (2d Cir.1967), *cert. denied*, 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95

**1028**

(1968); *Tuxxedo Network, Inc. v. Hughes Communications Carrier Services, Inc.*, 753 F.Supp. 514, 517 (S.D.N.Y.1990).

■ Plaintiffs argue that even if they have not shown that this court has personal jurisdiction over Krupp and Sietas, they have alleged enough to warrant further discovery on the issue of personal jurisdiction. Discovery on the issue of personal jurisdiction may be permitted in the court's discretion if plaintiffs allege facts that would support a colorable claim of jurisdiction. *Daval Steel Products v. M.V. Juraj Dalmatinac*, 718 F.Supp. at 162.

*Krupp*

■ Plaintiffs argue that Krupp is doing business in New York because it advertises in publications distributed in New York, because of its contractual relationship with Golten Marine in Brooklyn, and because of the activities of its Illinois and Ontario subsidiaries. There is no evidence that suggests that Krupp's contract with Golten Marine or Krupp's Illinois subsidiary's activities have resulted in any contacts with New York in the recent past or that further discovery would produce evidence of such contacts. Moreover, plaintiffs have not alleged a colorable claim that the activities of either the Illinois or the Ontario subsidiary are attributable to Krupp. *See Volkswagenwerk*, 751 F.2d at 120–122 (enumerating factors to be considered in determining whether subsidiary's activities may be attributed to parent for purpose of personal jurisdiction). The only evidence plaintiffs have submitted of contacts with New York attributable to Krupp is the fact that Krupp advertises in publications distributed in New York. However, solicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign manufacturer. *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 459, 434 N.E.2d 692, 695 (1982); *Miller v. Surf Properties*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958).

Plaintiffs have failed to make a *prima facie* showing that this court has personal jurisdiction over Krupp. Nor have plaintiffs alleged facts from which it may be inferred that further discovery would show that Krupp is doing business in New York, especially in light of the extensive discovery that has already been conducted in the limitation of liability action.

*Sietas*

■ Plaintiffs have not alleged that Sietas has ever had any contact with New York. Clearly, this court does not have personal jurisdiction over Sietas.

CPLR § 302

■ As plaintiffs concede, CPLR § 302 by its terms allows a court to exercise personal jurisdiction based on a foreign defendant's contacts with New York only "as to a cause of action arising from" those contacts. N.Y.Civ.Prac.L. & R. § 302 (McKinney 1990). Plaintiffs argue that further discovery is required to determine whether Krupp's and Sietas's contacts with New York are related to plaintiffs' claims. However, plaintiffs' claims against Sietas and Krupp arise from the construction of the Tuxpan and the manufacture of its engine, which took place solely in Germany. Plaintiffs do not suggest that the Tuxpan has ever been in New York for any purpose. Plaintiffs have not made a colorable claim that Krupp and Sietas are subject to personal jurisdiction in New York under CPLR § 302.

II. *Transfer*

■ A district court has the power to transfer a case to another judicial district pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) whether or not the transferor court has personal jurisdiction over the defendant. *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978); *Alexander & Alexander*, 685 F.Supp. at 348. Where the transferor court lacks personal jurisdiction over a defendant, transfer is appropriate if it is in the interest of justice. *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d at 80.

■ An action may be transferred only to a district where it might have been brought initially. 28 U.S.C. §§ 1404(a),

1406(a). Venue must be proper and the defendants must be subject to personal jurisdiction in the transferee forum. *Alexander & Alexander*, 685 F.Supp. at 349. The party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum. *Id.* at 350.

As noted above, the personal jurisdiction of a federal admiralty court is determined by the law of the state in which the court sits. Accordingly, whether Krupp and Sietas are subject to personal jurisdiction in Texas is determined by the Texas long-arm statute. The only argument plaintiffs offer in support of personal jurisdiction over Krupp and Sietas in Texas is that the Texas long-arm statute has been interpreted to extend to the constitutional due process limits established by the Fourteenth Amendment. For this argument, plaintiffs rely on *Alexander & Alexander*, 685 F.Supp. 346. *See also Hall v. Helicopteros Nacionales de Colombia, S.A. (Helicol)*, 638 S.W.2d 870 (Tex.1982), *rev'd on other grounds*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). However, as explained in *Alexander & Alexander*, Texas courts address the applicability of the Texas long-arm statute before considering whether the exercise of personal jurisdiction comports with constitutional due process requirements. *Alexander & Alexander*, 685 F.Supp. at 350; *see also Runnels v. Firestone*, 746 S.W.2d 845 (Tex.Ct.App. 14th Dist.1988); *Ross F. Meriwether & Associates, Inc. v. Aulbach*, 686 S.W.2d 730 (Tex.Ct.App. 4th Dist.1985). Plaintiffs have neglected to cite any provision of the Texas long-arm statute under which a Texas court could exercise personal jurisdiction over any of the defendants.

Moreover, plaintiffs have not alleged sufficient facts to show that the exercise of personal jurisdiction over Krupp and Sietas in Texas would comport with the constitutional requirements of due process of law. Where a claim against a foreign defendant does not arise out of the defendant's contacts with the forum state, the exercise of personal jurisdiction over the defendant will be consistent with due process only if the defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984). The only contact plaintiffs allege that Krupp had with Texas is an unspecified agency relationship with an unidentified company in Houston, which was terminated in 1988, two years before these lawsuits were filed. Krupp represents that its Illinois subsidiary has an agreement with a company in LaPorte, Texas, which authorizes that company to conduct service operations on Krupp products and to purchase spare parts from the subsidiary at a discount. There is no suggestion that the Texas company did any work on the Tuxpan's engine. The few contacts alleged between Sietas and Texas are that Sietas met in Houston with the Mexican owner of the Tuxpan about unspecified matters, that Sietas employees travelled to Texas to repair cargo cranes on the Tuxpan in 1983, and that a Sietas employee repaired another ship in Texas in 1984. Because Krupp's and Sietas's contacts with Texas are not "continuous and systematic" and because there is no indication that they are related to the claims asserted in these actions,[1] they do not amount to "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*, at 414, 104 S.Ct. at 1872 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

Since plaintiffs have not shown that Krupp and Sietas are subject to personal jurisdiction in Texas, plaintiffs' motion to transfer the claims against those defendants to Texas is denied.

---

**1.** Although plaintiffs argue in their memorandum of law that the the repairs done on the Tuxpan's cargo cranes in Texas in 1983 were a proximate cause of the Tuxpan's presumed sinking in 1987, plaintiffs have not asserted any claim against Sietas for negligently repairing the cargo cranes.

### III. *Forum Non Conveniens*

Since Sietas and Krupp are not subject to personal jurisdiction in New York or Texas, it is unnecessary to consider their *forum non conveniens* motions. The dismissal of the claims against these defendants may affect plaintiffs' desire to continue these actions against Germanischer in this district and the parties' positions on Germanischer's motion to dismiss on *forum non conveniens* grounds.

### CONCLUSION

For the foregoing reasons, the motions of Krupp and Sietas to dismiss the complaints for lack of personal jurisdiction are granted. In my discretion, I deny plaintiffs' request for further discovery regarding personal jurisdiction because after extensive discovery in the limitation of liability proceeding, plaintiffs have not alleged a colorable claim that personal jurisdiction exists in either New York or Texas over Krupp and Sietas. Plaintiffs' motion to transfer the claims against these defendants to Texas is denied.

SO ORDERED.