OPINION OF THE COURT
Meyer, J.
A New Jersey corporation, the business of which is limited to sales of a product manufactured by a North Carolina company, which employs several sales representatives to solicit and service New York purchasers, and the president of which calls on such purchasers together with the sales representative handling the account, is doing business in New York and is, therefore, subject under *308 CPLR 301 to the jurisdiction of New York courts in an action for breach of contract, conversion and an accounting brought by one of the New York sales representatives, notwithstanding that the corporation accepts all sales at its New Jersey office and has no office, telephone or bank account in New York and notwithstanding that some of the accounts involved in the action are with purchasers outside New York. The president of the New Jersey corporation is not individually subject to the jurisdiction of New York’s courts, however, there being no evidence that he engaged in any activity in New York other than on behalf of the sales corporation. The order of the Appellate Division should, therefore, be modified, with costs to defendant Ostrow against plaintiff, by granting the motion to dismiss as to him for want of jurisdiction, and as so modified, should be affirmed, with costs to the plaintiff against the corporate defendant.
I
Defendant Mt. Olive Corporation is a New Jersey corporation the sole business of which is acting as sales agent for Pem-Kay Furniture Company, a North Carolina manufacturer. Ira Ostrow is president and chief salesman of Mt. Olive and a principal in Pem-Kay. Mt. Olive is not licensed to do business in New York and maintains no office, telephone or bank account in New York. Plaintiff Laufer, a New York resident, was hired by Ostrow to act as one of several sales representatives for Mt. Olive on a commission basis and was paid for his services by that corporation. The relationship continued for several years, during which plaintiff solicited the business of purchasers both within and outside New York, and serviced the accounts he obtained by following up on the order, attending to complaints, delivering swatches and sales materials, and running clinics for the personnel of the purchasers. Though he was not required by Mt. Olive to do so and was not reimbursed for the expense of doing so, plaintiff maintained an office in his home. Representatives other than plaintiff also solicited and serviced New York accounts as well as accounts outside New York. Ostrow on at least 8 to 10 occasions per year called on New York accounts with plaintiff, as he did also with the other representatives.
*309 Sales orders obtained by Mt. Olive in 1978 approximated $2,000,000 from such New York accounts as Macy’s, Saks Furniture, W&J Sloane and Gertz. All sales were approved by Mt. Olive in New Jersey and forwarded by Mt. Olive to Pem-Kay to be filled. The furniture purchased was shipped by Pem-Kay directly to the purchaser, which made payment either to Pem-Kay or its factors in North Carolina.
Plaintiff’s relationship with Mt. Olive having terminated in 1979 by mutual consent, plaintiff brought an action in New York seeking to recover commissions due, for conversion of moneys due and owing plaintiff and for an accounting. Defendants moved to dismiss pursuant to CPLR 3211 (subd [a], par 8) and plaintiff cross-moved for discovery. The cross motion was granted and after discovery was had the jurisdictional issue was tried by Trial Term. Following that trial the Trial Term Judge denied the motion to dismiss the complaint finding that defendants’ New York contacts were “systematic, regular and continuous” (107 Misc 2d 690, 695), and expressly rejected defendants’ argument that mere solicitation was an insufficient basis for jurisdiction on the ground that the business of Mt. Olive was solicitation.
The Appellate Division, with one dissent, affirmed on the reasoning of Trial Term but granted leave to appeal to our court on a certified question asking whether its order was properly made. The dissenting Justice voted to dismiss the complaint because solicitation did not constitute doing business, even though the sole business of the corporation was soliciting sales. Neither court below differentiated between the individual defendant and corporate defendant. We conclude that the corporate defendant was amenable to jurisdiction because it was doing business in New York, but that the individual defendant, who performed no act in New York for himself, as distinct from the corporation, is not.
II
Under CPLR 301 “the authority of the New York courts [to exercise jurisdiction over a foreign corporation] is based solely upon the fact that the defendant is ‘engaged in such a continuous and systematic course of “doing business” *310 here as to warrant a finding of its “presence” in this jurisdiction’” (McGowan v Smith, 52 NY2d 268, 272, quoting from Simonson v International Bank, 14 NY2d 281, 285; accord Delagi v Volkswagenwerk AG of Wolfsburg, Germany, 29 NY2d 426, 430-431; Frummer v Hilton Hotels Int., 19 NY2d 533, cert den 389 US 923). The test, though not “precise” (Tauza v Susquehanna Coal Co., 220 NY 259, 268), is a “simple pragmatic one” (Bryant v Finnish Nat. Airline, 15 NY2d 426, 432): is the aggregate of the corporation’s activities in the State such that it may be said to be “present” in the State “not occasionally or casually, but with a fair measure of permanence and continuity” (Tauza v Susquehanna Coal Co., 220 NY 259, 267, supra) and is the quality and nature of the corporation’s contacts with the State sufficient to make it reasonable and just according to “ ‘traditional notions of fair play and substantial justice’ ” that it be required to defend the action here (International Shoe Co. v Washington, 326 US 310, 316, 320; see, also, Rush v Sauchuk, 444 US 320, 327; World-Wide Volkswagen Corp. v Woodson, 444 US 286, 292; Frummer v Hilton Hotels Int., 19 NY2d 533, 536, supra).
Solicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign manufacturer or purveyor of services (Miller v Surf Props., 4 NY2d 475, 480), but when there are activities of substance in addition to solicitation there is presence and, therefore, jurisdiction (Bryant v Finnish Nat. Airline, 15 NY2d 426, 432, supra [office, office staff and bank account in New York]; Elish v St. Louis Southwestern Ry. Co., 305 NY 267, 270 [office, officers, financial transactions and directors meetings in New York]; see, also, Miller v Surf Props., 4 NY2d 475, 481, supra; Aquascutum of London v S.S. American Champion, 426 F2d 205, 211; Dunn v Southern Charter, 506 F Supp 564, 567). Mt. Olive argues from Miller v Surf Props. (supra), and Delagi v Volkswagenwerk AG of Wolfsburg, Germany (29 NY2d 426, supra) that as a matter of law it cannot be found present in New York, its activity here, no matter what the volume of sales concluded, being no more than solicitation. Those cases afford it no protection, however, for they hold simply that a *311 foreign supplier of goods or services for whom an independent agency solicits orders from New York purchasers is not present in New York and may not be sued here, however substantial in amount the resulting orders. In the context of the present case the rules of those cases would, as Trial Term noted, protect Pem-Kay Furniture Company, the North Carolina manufacturer, from suit in New York on the basis of Mt. Olive’s activity here, unless it could be shown additionally that Pem-Kay exercised parent-subsidiary control oyer Mt, Olive (Delagi v Volkswagenwerk AG, supra, at p 432).
At issue here, however, is not jurisdiction over the foreign supplier but over Mt. Olive, the soliciting agency. A corporation, the business of which is limited to the soliciting of orders and servicing of purchasers’ accounts, engages directly in its corporate activity when, by persons in its employ and present in New York, it solicits and services New York accounts on a continuous basis (Grunder v Premier Ind. Corp., 12 AD2d 998, mot for lv to app den 13 AD2d 717; Benware v Acme Chem. Co., 284 App Div 760; see Artcraft Sample Card Co. v Stein, 3 Misc 2d 562). In Benware, Justice Bergan, as he then was, stated for the court that a foreign corporation which had no office, no bank account and no property in New York but employed six full-time sales representatives in the State was doing business here because “sales are a main part of its corporate function, [and] such extensive and persistent corporate activity ought to be treated as carrying out in New York a corporate function on a scale sufficient to be seen, felt, palpitated and máde subject to process” (284 App Div, at p 761).
 Solicitation and servicing by a foreign corporate sales agency of New York accounts through sales representatives present in New York, if systematic and continuous, is enough to subject the sales agency corporation to New York jurisdiction. The volume of business thus generated, while not determinative, may have relevance. As noted above, Trial Term found that Mt. Olive’s activities in New York were “systematic, regular and continuous” and that finding, having been affirmed by the Appellate Division, is beyond our review unless there is no support for it in the *312 record. That it is adequately supported cannot be doubted. Mt. Olive employed three sales representatives, each of whom were assigned accounts not only in New York but throughout the country. They not only solicited sales in New York, but ran clinics for the customers, followed up on complaints or difficulties, delivered swatches and sales materials. Moreover, Ostrow, Mt. Olive’s president, worked with the sales representatives in calling on New York accounts, making 8 to 10 such calls in a year with plaintiff alone. Such activity is purposeful and continuing rather than casual and limited in time (compare Reiner & Co. v Schwartz, 41 NY2d 648, with McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377). Such sustained and systematic activity in New York by Mt. Olive is sufficient to subject it to suit by one of the salesmen engaged in the solicitation and servicing without regard to the volume of business done, but the volume of Mt. Olive’s New York sales is relevant as to whether there is any unfairness or unreasonableness in allowing the action to be brought against it in New York. That volume being at the rate of $2,000,000 a year, it is evident that there is no unfairness in so doing (cf. Nicholstone Book Bindery v Chelsea House Pub., 621 SW2d 560 [Tenn], cert den 455 US ___, 102 S Ct 1623).
Nor is there any problem in that jurisdiction is predicated in part upon plaintiff’s aótivities or in that the commissions for which he sues involve both New York and out of New York sales. Though a plaintiff may not for purposes of CPLR 302 jurisdiction rely solely upon his own activity in New York (Haar v Armendaris Corp., 31 NY2d 1040, revg on the dissent below 40 AD2d 769; Parke-Bernet Galleries v Franklyn, 26 NY2d 13, 19, n 2), there are here substantial activities by Ostrow and sales representatives other than plaintiff to sustain jurisdiction. We need not, therefore, consider whether the rule against basing jurisdiction on plaintiff’s activities alone applies in CPLR 301 cases as well (compare Del Bello v Japanese Steak House, 43 AD2d 455, with Traub v Robertson-American Corp., 82 Misc 2d 222, 228).
As concerns the fact that not all of the commissions sought arise out of New York sales, we held in Tauza v *313 Susquehanna Coal Co. (220 NY 259, 268, supra) that jurisdiction predicated upon corporate presence “does not fail because the cause of action sued upon has no relation in its origin to the business here transacted” and the Supreme Court has made several similar rulings (Perkins v Benguet Min. Co., 342 US 437, 446; International Shoe Co. v Washington, 326 US 310, 318, supra; accord Restatement, Conflict of Laws 2d, § 47, subd [2], and Comment e).
The Appellate Division’s order was, therefore, correct in relation to so much of the motion as sought to dismiss the action against Mt. Olive.
Ill
Insofar as that order held defendant Ostrow individually to be subject to New York jurisdiction, however, it was erroneous. We may assume, without deciding, that an individual who is in fact doing business so as to be present within the State is subject to jurisdiction (see Abkco Inds. v Lennon, 52 AD2d 435, affg on this point 85 Misc 2d 465; Restatement, Conflict of Laws 2d, § 35, subd [3], and Comment e; Siegel, New York Practice, § 84, McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 301-500 [1981-1982 Supp], pp 8-9; 1 Weinstein-Korn-Miller, NY Civ Prac, par 301.15). Here, however, although the complaint alleges that Os-trow “is and was * * * doing business in the State of New York”, there was no evidence at the trial to establish that Ostrow as an individual engaged in any activity whatsoever in New York. Ostrow testified without contradiction that in hiring plaintiff, as well as in calling upon accounts in New York with plaintiff, he acted on behalf of Mt. Olive rather than himself. Although a corporation can act only through an employee or agent, the employee or agent being a live rather than a fictional being can act on behalf of himself or his employer or principal. He does not subject himself, individually, to the CPLR 301 jurisdiction of our courts, however, unless he is doing business in our State individually (Escude Cruz v Ortho Pharm. Corp., 619 F2d 902, 906; Lehigh Val. Inds. v Birenbaum, 527 F2d 87, 93; Weller v Cromwell Oil Co., 504 F2d 927; Yardis Corp. v Cirami, 76 Misc 2d 793). Nor does the claimed conversion *314 cause of action furnish any basis for CPLR 302 jurisdiction over Ostrow individually (Fantis Foods v Standard Importing Co., 49 NY2d 317, 326-327).
Accordingly, the order of the Appellate Division should be modified, with "costs to defendant Ostrow against plaintiff, by granting the motion to dismiss as to him, and, as so modified, should be affirmed, with costs to plaintiff against the corporate defendant. The question certified should be answered in the negative.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order modified, with costs to defendant Ostrow against plaintiff, in accordance with the opinion herein and, as so modified, affirmed, with costs to plaintiff against the corporate defendant. Question certified answered in the negative.