Steven PFEFFER, Plaintiff,

v.

Jonathan MARK and Mark Athletic, Ltd., a corporation, Defendants.

No. 98–CV–6771 (ILG).

United States District Court, E.D. New York.

Feb. 26, 1999.

R. Jeffrey More, Coleman, Rhine & Goodwin LLP, New York, NY.

Rod Kovel, Weinstock, Joseph, Klatsky, Nisonoff & Schwartz, LLP, Belle Harbor, NY.

## MEMORANDUM & ORDER

GLASSER, District Judge.

## BACKGROUND

Plaintiff Steven Pfeffer ("Pfeffer") filed this Complaint asserting three causes of action arising out of a commercial dispute he had with the defendants, Jonathan Mark ("Mark") and Mark Athletic Ltd. ("Mark Athletic"). Pfeffer seeks an accounting, his unpaid salary and the repayment of a loan he allegedly made to Mark Athletic. The defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the Complaint for lack of personal jurisdiction. For the reasons that follow, the defendants' motion is denied.

## FACTS

For the purposes of deciding this motion only, the following facts are assumed to be true. Mark Athletic is a corporation incorporated under the laws of the State of New Jersey and authorized to do business only in that State. Mark, a New Jersey resident, is the President and Chief Executive Officer of Mark Athletic. Pfeffer's family business, situated in New York, bought goods from GMP Sales, which had facilities in New York and New Jersey.[1] Mark was a principal of GMP Sales.

In August, 1995 Mark approached Pfeffer to discuss starting a new company together. Mark and Pfeffer met at a restaurant in New York City to discuss the relationship and on January 1, 1996 formed the corporate entity known as Mark Athletic, Ltd.

The January 1, 1996 agreement between Mark, Mark Athletic and Pfeffer provided for the issuance, ownership and disposition of the shares, and the conduct of the management and business of Mark Athletic—a corporation created for the purpose of importing, marketing and selling active sportswear.

Despite the fact that the written agreement was never executed, Pfeffer began working as Vice President and Secretary of Mark Athletic in January 1996. In October of that year, he started to work as Vice President of Sales for Mark Athletic. Pfeffer's employment with Mark Athletic ended on October 15, 1998 when he was told by Mark that the company was going out of business.

Pfeffer's claims against the defendants concern distributions of funds that were not made by Mark Athletic to the plaintiff and the defendants' refusal to allow Pfeffer to participate in the control of the company. In addition, the plaintiff states that he is owed backpay for his work at Mark Athletic.

---

1. Plaintiff's papers also make reference to "Mark Athletic, Ltd. affiliate GMP Sales (an entity whose form is unknown to me)." Some of the activities plaintiff relies on to establish jurisdiction were conducted by GMP Sales. Defendants do not challenge these assertions and as such, this Court accepts plaintiff's allegation that GMP Sales was intertwined with Mark Athletic and, accordingly, its activities may be used to confer jurisdiction on Mark Athletic. *See Okin v. Jiminy Peak, Inc.,* 1995 WL 116277, *2 (E.D.N.Y.1995) (New York activities of subsidiary may be considered in determining whether foreign corporation is subject to jurisdiction in New York, but only if the subsidiary is a separate corporation in name only, more a department of the parent corporation rather than an independent entity).

## DISCUSSION

■ The plaintiff has the burden of establishing that this Court has personal jurisdiction over the defendants. *Roper Starch Worldwide v. Reymer & Assocs.*, 2 F.Supp.2d 470, 472 (S.D.N.Y.1998). Where no evidentiary hearing has been held, the plaintiff need only make a prima facie showing that jurisdiction exists. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). In addition, all pleadings and affidavits are construed in the light most favorable to plaintiff. *Id.*

■ Personal jurisdiction over a foreign corporation in a diversity action is determined in accordance with the law of the state in which the court sits. *Id.* The parties agree that this Court must resolve jurisdictional issues according to New York law, and that Sections 301 and 302(a)(1) of the New York Civil Practice Law and Rules govern the determination of whether this Court has personal jurisdiction over the defendants.

### I. *CPLR § 301*

■ Under CPLR § 301, a foreign corporation may be subject to jurisdiction in New York if that corporation is present in the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (N.Y.1917). The determination of whether the foreign corporation is doing business in the states is unique to each case. *Katz Agency, Inc. v. Evening News Ass'n*, 514 F.Supp. 423 (S.D.N.Y.1981), judgment aff'd, 705 F.2d 20 (2d Cir.1983).

■■ It is well-settled in this Circuit that solicitation of business, by itself, will not subject a foreign corporation to personal jurisdiction in the state of New York on an unrelated cause of action. *See Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990). "On the other hand, if solicitation is substantial and continuous, and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist.... Under this 'solicitation-plus' rule, 'once solicitation is found in any substantial degree very little more is necessary to a conclusion of doing business.' " *Id.* at 1043–44 (quoting *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211 (2d Cir.1970)).

■ Taking Pfeffer's allegations in the light most favorable to him, this Court is compelled to conclude that he has satisfied the "solicitation" prong of the "solicitation-plus" rule. Here, the plaintiff's affidavit clearly states that Mark Athletic, through Mark and Pfeffer, has "personally and regularly called on its customers and potential customers located in the State of New York to solicit, establish and maintain business relationships with them."[2] Pl. Mem. at 4. As such, the Court now turns to whether Pfeffer has satisfied the "plus" prong of the "solicitation-plus" rule.

The plaintiff has alleged the following facts that this Court credits as "plus" factors for the purposes of determining personal jurisdiction. First, Pfeffer, a shareholder and principal of Mark Athletic, resides in New York. *Compare Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040 (S.D.N.Y.1987) (in declining to find § 301 jurisdiction noting that, *inter alia,* the defendant had no shareholders residing in the forum state). Second, Mark Athletic's bank accounts are in New York. *See Hoffritz for Cutlery, Inc. v. Amajac Ltd.*, 763 F.2d 55, 58 (2d Cir.1985) (noting that presence of bank accounts in New York is factor that New York courts credit as helpful in establishing § 301 jurisdiction). Third, forty per cent of Mark Athletic's sales have been to purchasers in New York State. *See Laufer v. Ostrow*, 55 N.Y.2d 305, 312, 434 N.E.2d 692, 449 N.Y.S.2d 456 (N.Y.1982) (noting that volume of business done by out-of-state defendant in forum state is relevant as to whether there is "any unfairness or unreasonableness in al-

---

**2.** The Court does not rely on Pfeffer's activities within New York to establish solicitation but rather focuses only on the allegations that Mark solicited business in New York. *See Metropolitan Air Service, Inc. v. Penberthy Aircraft Leasing Co.,* 648 F.Supp. 1153 (S.D.N.Y.1986) (plaintiff-agent cannot rely on his own activities within the state to establish jurisdiction over the defendant-principal).

lowing the action to be brought against it in New York").

Numerous cases in this Circuit have sustained jurisdiction upon facts comparable to those found here. *See, e.g., Katz Agency, Inc. v. Evening News Ass'n,* 514 F.Supp. 423 (S.D.N.Y.1981), judgment aff'd, 705 F.2d 20 (2d Cir.1983) (foreign corporation subject to personal jurisdiction under the "solicitation-plus" doctrine because its officials visited New York on a regular basis, its employees visited customers in New York to solidify ongoing relationships and to solicit future business, and the corporation derived approximately one-third of all its national advertising revenue from sales to the New York market); *Stursberg & Veith v. Eckler Industries, Inc.,* 1995 WL 728480 (S.D.N.Y. 1995) (jurisdiction found over foreign corporation using "solicitation-plus" rubric where corporation generated revenue from sales in New York, purchased supplies in New York and derived a "significant portion" of its revenues from New York contacts).

The plaintiff, through his pleading and affidavit, has alleged facts that establish that the defendant solicited business in New York and engaged in additional activity that confers jurisdiction under § 301. *See, e.g., Aquascutum,* 426 F.2d at 211 (reasoning that once the court finds that the defendant solicited business in New York, it need only find slight additional activity to reach the conclusion that the defendant corporation is "doing business" in New York). Accordingly, defendants' motion to dismiss the Complaint as to Mark Athletic is denied.[3]

## II. *CPLR § 302(a)(1)*

Pfeffer contends that the jurisdictional predicate over the defendants exists also under New York's long arm statute, which provides in pertinent part:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state;

\*　　\*　　\*　　\*　　\*　　\*

N.Y.Civ.Proc.L. & R. § 302(a)(1) (McKinney 1990).

Under § 302(a)(1), personal jurisdiction in contract actions is determined by examining whether the "defendant has performed purposeful acts in New York in relation to the contract." *Premier Lending Services, Inc. v. J.L.J. Associates,* 924 F.Supp. 13, 15 (S.D.N.Y.1996) (citing *CutCo Industries, Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986)). New York courts have held that:

[A] single transaction of business in New York, out of which the claim has arisen, may be sufficient for long arm jurisdiction under CPLR § 302(a)(1).... It does not matter whether the negotiations are preliminary or whether the contract is executed in New York, or whether performance is contemplated for New York.

*Id.* at 15–16.

In this case, the contractual relationship out of which this cause of action between Pfeffer and Mark arose was negotiated in a New York restaurant and was reduced to writing at a New York law office. *See, e.g., Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152 (2d Cir.1996) (noting that meetings in New York which are subsequent to the formation of a contractual relationship may confer jurisdiction where the meetings are essential to the business relationship or substantially advance it); *Viacom Intern., Inc. v. Melvin Simon Productions, Inc.,* 774 F.Supp. 858, 865 (S.D.N.Y.1991) (noting that defendant's presence in New York to negotiate contract is a "weighty factor" under § 302 in determining whether a defendant has transacted business in New York). As such, this

---

**3.** Neither party has addressed the applicability of § 301 to Mark, the individual defendant. This Court notes that while New York courts hold that a corporation can act as an agent for an individual for purposes of § 302(a)(1), it is still not settled whether that holding applies in the context of § 301. *See Kinetic Instruments, Inc. v. Lares,* 802 F.Supp. 976, 984 n. 5 (S.D.N.Y.1992). This Court need not decide this issue, because, in any event, jurisdiction is sustained as to both defendants under § 302(a)(1) as discussed in Section II.

Court concludes that the plaintiff has made a *prima facie* showing of jurisdiction under § 302(a)(1) and denies the defendants' motion to dismiss for this reason as well.[4] *See, e.g., Cross & Cross Properties, Ltd. v. Everett Allied Co.,* 664 F.Supp. 713 (S.D.N.Y.1987) judgment aff'd. in part, rev'd in part, 886 F.2d 497 (2d Cir.1989) (New Jersey general partnership subject to jurisdiction under § 302(a)(1) because its president was physically present in New York to negotiate contracts out of which the cause of action arose); *Nee v. HHM Financial Services, Inc.,* 661 F.Supp. 1180 (S.D.N.Y.1987) (Pennsylvania financial advisor was subject to jurisdiction under § 302(a)(1) based upon meetings held in New York in which the defendant solicited the plaintiff to enter into a contract because the meetings were important for structuring the parties' relationship and defining the terms of the final contract).

## CONCLUSION

For the foregoing reasons, this Court concludes that Pfeffer has made a *prima facie* showing of jurisdiction as to both defendants. Therefore, defendants' motion to dismiss is denied.

**SO ORDERED.**

---

**4.** The Court also notes that under "§ 302(a)(1), personal jurisdiction may be acquired over an individual if a corporation that he controls conducts activities in the State for the individual's personal benefit." *Ivy Mar Co., Inc. v. C.R. Seasons, Ltd.,* 1997 WL 37082 (E.D.N.Y.1997) (citing *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 522 N.E.2d 40, 527 N.Y.S.2d 195 (N.Y. 1988)).