SHAHEEN SPORTS, INC. and
Tajmahal Sports Company,
Plaintiffs,

v.

ASIA INSURANCE COMPANY, LTD.
(Underwriters Subscribing to Certifi-
cates of Marine Insurance Nos. 19148,
19149, 19150 and 19161), Defendant.

No. 98 Civ. 5951 (RLC).

United States District Court,
S.D. New York.

April 4, 2000.

Lovejoy & Associates, New York City, Frederick A. Lovejoy, of counsel, for Plaintiffs.

Kroll, Rubin & Fiorella LLP, New York City, James E. Mercante, of counsel, for Defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant Asia Insurance Company, Ltd. ("Asia") moves to dismiss the amended complaint ("complaint") of plaintiffs

Shaheen Sports, Inc. ("Shaheen") and Tajmahal Sports Company ("Tajmahal") for lack of jurisdiction over defendant pursuant to Rule 12(b)(2), F.R. Civ. P., insufficiency of service of process pursuant to Rule 12(b)(5), F.R. Civ. P., and on the ground of forum non conveniens.

## BACKGROUND

In 1995, Shaheen, a New York corporation, purchased 940 cartons of soccer balls from Tajmahal, a Pakistani corporation. (Hamid Aff. ¶ 3; Pls'. Mem. at 3.) [1] The goods were purchased "C.I.F." [2] (Hamid Aff. ¶¶ 3–4.) Tajmahal insured the goods with Asia, a Pakistani corporation, which issued four separate Marine Certificates of Insurance ("certificates"). (Gundra Aff. ¶¶ 8–9, Exh. A.) [3] The goods were shipped from Sialkot, Pakistan to Guatemala City, Guatemala. (Hamid Aff. ¶ 5; Gundra Aff. Exh. A.) Upon release of the goods from a warehouse in Guatemala, Shaheen's employees, Tahir Hamid and Carlos Perez, allegedly discovered that they were "wetted, damaged and shorted." (Hamid ¶¶ 6–7.) Shaheen notified G.W.F. Franklin Ltd. ("Franklin"), the "Survey/Settling Agent[ ]" named in the certificates, which surveyed the goods and sent a report to its principal, W.K. Webster (Overseas) Ltd. ("Webster"). (*Id.* ¶¶ 10–12). Webster is a New York-based subsidiary of London-based W.K. Webster & Co., (Shillibeer Aff. ¶ 1), [4] and was named as the "Claims Settling Agent[ ]" in the certificates, (Gundra Aff. Exh. A). Shaheen ultimately filed an insurance claim with Webster which Webster allegedly denied on Asia's behalf. (Hamid Aff. ¶¶ 12–13.)

1. "Hamid Aff." refers to the affidavit of Tahir Hamid, dated December 31, 1998. "Pls'. Mem." refers to *Plaintiffs, Shaheen Sports, Inc. and Tajmahal Sports Company's Response to Defendant, Asia Insurance Company, Ltd.'s Motion to Dismiss, and Request by Plaintiffs for Leave to Conduct Discovery on the Issue of Jurisdiction,* dated December 31, 1998.

2. "The term C.I.F. means that the price includes the cost of the goods and the insurance and freight to the named destination." *Alas-*

*ka Russia Salmon Caviar Co., Inc. v. M/V "Marit Maersk",* 2000 WL 145124, at *2 n. 5 (S.D.N.Y. Feb. 2, 2000) (Cote, J.).

3. "Gundra Aff." refers to the affidavit of Kahlid Mahmood Gundra, dated December 10, 1998.

4. "Shillibeer Aff." refers to the affidavit of Stuart Shillibeer, dated January 7, 1999.

Shaheen and Tajmahal initiated this lawsuit against Asia seeking damages for breach of contract, bad faith, fraud and unfair settlement practices arising out of the denial of Shaheen's claim. A copy of the summons and complaint was served on Stuart Shillibeer, Webster's director, in New York. (Walker Aff. at 1; Shillibeer Aff. ¶¶ 7–8.) [5]

## DISCUSSION

### I.

◼ The law of the forum state governs personal jurisdiction in admiralty and diversity cases.[6] *See Klinghoffer v. S.N.C. Achille Lauro,* 937 F.2d 44, 50 (2d Cir. 1991) (admiralty jurisdiction); *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963) (en banc) (diversity jurisdiction). Accordingly, jurisdiction is to be determined by reference to New York law. Under New York law, personal jurisdiction may be established over a foreign corporation on the basis of either §§ 301 or 302 of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."). The court's exercise of jurisdiction must comport with federal constitutional principles of due process. *See Mayes v. Leipziger,* 674 F.2d 178, 183 (2d Cir.1982).

◼ Rule 12(d) of the F.R. Civ. P. grants the court broad discretion to hear and decide a motion to dismiss for lack of personal jurisdiction before trial or to defer the matter until trial. *See CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986). The court may decide the motion solely upon pleadings and affidavits or by an evidentiary proceeding. *See id.* Plaintiff bears the burden of establishing jurisdiction. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). Where the court chooses not to conduct a full-blown evidentiary hearing before trial, plaintiff need only make a prima facie showing of personal jurisdiction over defendant. *See Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). However, it remains incumbent upon plaintiff ultimately to establish that jurisdiction is proper by a preponderance of the evidence at trial. *See id.*

In the instant case, no evidentiary hearing has been held. Thus the court need only determine whether plaintiffs have made a prima facie showing of jurisdiction, construing all pleadings and affidavits in the light most favorable to plaintiffs and disregarding any "controverting presentation" by defendant. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *see also Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990) ("[A] Rule 12(b)(2) motion ... assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency.").

◼ Defendant argues that the court does not have personal jurisdiction pursuant to N.Y. C.P.L.R. § 301. The court has jurisdiction over a foreign corporation pursuant to § 301 when the corporation "is engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." *Laufer v. Ostrow,* 55 N.Y.2d 305, 309–10, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982) (citations omitted). The court must determine that a corporation "is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.,* 77 N.Y.2d 28, 34, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990) (quoting *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915 (1917)).

◼ A foreign corporation will be found to be doing business in New York where

---

5. "Walker Aff." refers to the *Affidavit of Service* sworn by James M. Walker, dated August 24, 1998, attached to Pls'. Mem. as Exh. B.

6. The complaint asserts both admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl.¶¶ 1–2.)

there is a relationship between that corporation and a New York corporation leading to an inference of agency, *see Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533, 538, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967), although a formal agency relationship is unnecessary, *see First American Corp. v. Price Waterhouse LLP,* 988 F.Supp. 353, 362 (S.D.N.Y.1997) (Sweet, J.), or where

> a separate corporation, acting with its authority and for its substantial benefit, carries out activities in New York that are more than 'mere solicitation' and are 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'

*Volkswagen De Mexico, S.A. v. Germanischer Lloyd,* 768 F.Supp. 1023, 1027 (S.D.N.Y.1991) (Cedarbaum, J.) (quoting *Gelfand v. Tanner Motor Tours, Ltd.,* 385 F.2d 116, 121 (2d Cir.1967)).

▆ Plaintiffs argue that the court has jurisdiction because defendant hired Webster, a New York business, as its marine claims settling agent to handle all claims in North, Central and South America. (Compl. ¶ 7; Lovejoy Aff. ¶ 8.) [7] Plaintiffs assert that Webster "perform[ed] the claims-department services for Asia Insurance that Asia Insurance would have otherwise performed, had it elected to send its own personnel to New York." (Pls'. Mem. at 4.) They argue that "Webster was 'invested' with full authority to adjust and settle claims," (*id.* at 5), as evidenced by its designation as the "Claims Settling Agent [ ]" on the certificates issued by Asia; by the statement on the certificates that "[i]n the event of any claim arising under this policy or certificate request for settlement should be made to the representative as aforementioned who is/are authorized to adjust and settle claims on behalf of the Company," (Gundra Aff. Exh. A); and by the appointment in the certificates of Franklin as "Survey/Settling Agent [ ]," which is listed in turn as "Agent[ ] of Webster, New York," (*id.*). Plaintiffs add that Shaheen's president, Tahir Hamid, attests that Shaheen submitted its insurance claim to Webster, not Asia; Shaheen has had no contact with Asia with respect to its claim; and that Webster, not Asia, denied Shaheen's claim upon its review of Franklin's report. (Hamid Aff. ¶¶ 12–14.)

While courts have not "specified an exclusive set of considerations that will give rise" to an inference of agency, they have inferred agency relationships where either "an express agency agreement" existed or "actions [were] taken by the New York-based entity with respect to third parties that were binding on the foreign defendant." *Ball,* 902 F.2d at 199 (citations omitted). Plaintiffs allege that the certificates expressly designated Webster as Asia's agent and granted it the authority to settle claims on Asia's behalf; indeed, plaintiffs allege, Webster acted with such authority as to Shaheen's claim. Based on the alleged broad scope of Webster's authority to investigate and settle claims in the Americas on defendant Asia's behalf, plaintiffs have made a prima facie showing that the court may infer an agency relationship between Asia and Webster. *See Frummer,* 19 N.Y.2d at 538, 281 N.Y.S.2d 41, 227 N.E.2d 851 (holding "broad scope" of agent's authority in New York justified court's exercise of jurisdiction over foreign corporation despite absence of express agency agreement).

This conclusion is bolstered by plaintiffs' allegations that Webster acted with the authority, and for the benefit, of Asia while providing services which were "an essential part of the conduct of [Asia's] business." *Anglo American Insurance Group, P.L.C. v. CalFed, Inc.,* 899 F.Supp. 1070, 1072–73 (S.D.N.Y.1995) (Carter, J.) (quotations and citation omitted) (holding jurisdiction existed over foreign insurer where services of New York excess line brokers

---

7. "Lovejoy Aff." refers to the affidavit of Frederick A. Lovejoy, dated December 31, 1998.

were "an integral part" of insurer's business). Construing the pleadings and affidavits in the light most favorable to plaintiffs, the court concludes that if Webster did not provide the aforementioned claims settling services for defendant, defendant "would undertake to perform substantially similar services" in New York, i.e., overseeing the investigation of claims, receiving and processing claims, and settling claims arising in the western hemisphere. *Gelfand,* 385 F.2d at 120–21 (stating that the "decisive test" is whether the New York-based company " 'does all the business which [defendant corporation] could do were it here by its own officials.' " (quoting *Frummer* 19 N.Y.2d at 537, 281 N.Y.S.2d 41, 227 N.E.2d 851)). Defendant's assertions that it "never provided W.K. Webster with any authority to make a coverage determination," (Def's. Reply at 1),[8] and that Webster instead forwarded Shaheen's claim to Asia for decision, (Shillibeer Aff. ¶¶ 5–6), are unavailing at this stage of the litigation.

The court's exercise of jurisdiction over defendant comports with due process because defendant's purposeful availment of the " 'privilege of conducting activities' " in New York through Webster satisfies the minimal contacts required by the due process clause. *First American Corp.,* 988 F.Supp. at 363 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Defendant's activities in New York provided it with fair warning that it might be subject to the jurisdiction of New York courts. *Id.*

Defendant's motion to dismiss for lack of personal jurisdiction is denied. Since plaintiffs have made a prima facie showing of personal jurisdiction pursuant to N.Y. C.P.L.R. § 301, the court need not consider whether jurisdiction also exists pursuant to N.Y. C.P.L.R. § 302.

## II.

Defendant moves to dismiss the complaint on the ground that service of process on Webster in New York was insufficient because Webster was neither authorized to accept service on behalf of Asia nor acting as Asia's managing agent.

Service upon a foreign corporation is governed by Rule 4(h)(1), F.R. Civ. P., which provides that service "shall be effected ... in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Subdivision (e)(1) provides, in pertinent part, that service may be effected "pursuant to the law of the state in which the district court is located." The court can therefore look to New York law to determine proper methods of service. N.Y. C.P.L.R. § 311(a)(1) provides, in pertinent part, that service upon a foreign corporation shall be made by delivery "to an officer, director, managing or general agent, ... or to any other agent authorized by appointment or by law to receive service."

 In this circuit, "[i]t is firmly established that, in the case of a foreign corporation or partnership found to be doing business in New York by virtue of the activities of its local agent, proper service of process on that agent is considered valid service on the foreign defendant." *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa,* 428 F.Supp. 1237, 1250 (S.D.N.Y.1977) (Gagliardi, J.) (citing *Bomze v. Nardis Sportswear, Inc.,* 165 F.2d 33, 37 (2d Cir.1948) ("[W]e understand the New York courts to hold that, whatever activities make the corporation 'present,' the agent in charge of those activities is the 'managing agent'

---

**8.** "Def's. Reply" refers to *Defendant Asia Insurance Company, Ltd.'s Reply Memorandum* *of Law,* undated.

pro hac vice.") (citations omitted)). *See also, Sankaran v. Club Mediterranee, S.A.,* 1998 WL 433780, 1998 U.S. Dist. LEXIS 11750, at *17–18 (S.D.N.Y. July 31, 1998) (Patterson, J.). Service on Shillibeer, a director of Webster, whose activities made Asia present in the state for jurisdictional purposes, was adequate under Rule 4(h) and N.Y. C.P.L.R. § 311.

Defendant's motion to dismiss for insufficient service of process is denied.

### III.

■ Defendant moves to dismiss the complaint on the ground of forum non conveniens. The Second Circuit recently held that in cases involving a plaintiff who chooses to sue in his home forum, "a court is required to keep the case in the home forum unless the defendant can 'establish such oppressiveness and vexation . . . as to be out of all proportion to plaintiff's convenience.' " *Guidi v. Inter–Continental Hotels Corp.,* 203 F.3d 180, 184 (2d Cir.2000) (quoting *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). "[T]he convenience of the New York forum to Plaintiffs must be real and substantial, as opposed to slight or nonexistent." *Id.*

■ Plaintiff Shaheen is a New York corporation suing in its home forum. Although plaintiff Tajmahal is a Pakistani corporation, Shaheen appears to be the real party in interest. *See Alaska Russia Salmon Caviar Co., Inc. v. M/V "Marit Maersk",* 2000 WL 145124, at *3–4 (S.D.N.Y. Feb. 2, 2000) (Cote, J.) (stating general rule that where sales contract includes C.I.F. term the buyer, not the shipper, is "the party entitled to sue if a loss occurs after delivery"). The court will therefore apply the standard articulated in *Koster* without relying on the balancing test of private and public interests articulated in *Gulf Oil Corp. v. Gilbert,* 330 U.S.

501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See Guidi,* 203 F.3d at 183–85 (reversing dismissal of action based on forum non conveniens because district court erroneously relied on *Gilbert* and failed to apply *Koster* where American plaintiffs chose United States court as forum).

■ Defendants erroneously assert that New York is an inconvenient forum because the crux of this litigation is a dispute over the interpretation of an insurance contract between Tajmahal and Asia, and thus the "events, principal place of business, witnesses, lesser expense of proceeding, and relative access of proof all favor Pakistan." (Def.'s Mem. at 10.)[9] To the contrary, the dispute in this case centers around Webster and/or Asia's denial of an insurance claim filed by Shaheen with Webster in New York. It is based on the allegation that Shaheen inspected a delivery of soccer balls in Guatemala, found them damaged and requested Franklin survey them in anticipation of Shaheen's filing of a claim. Its adjudication will principally rely on the presentation of witnesses employed by, and the mustering of evidence gathered by, Shaheen and Webster, entities based in New York, and Franklin, an entity based in Guatemala. The convenience to Shaheen of proceeding in a New York forum, versus the significant inconvenience of transporting witnesses and evidence to Pakistan, is therefore real and substantial.

The inconvenience of the New York forum to Asia is relatively slight. Although Asia will likely need to send some employee(s) to testify in New York, and transmit some documentary evidence from Pakistan, this "is not so oppressive and vexatious . . . as to overwhelm the convenience to Plaintiffs of suing in their home forum." *Guidi,* 203 F.3d at 184. Defendant's motion is denied.

---

**9.** "Def.'s Mem." refers to *Defendant's Memorandum of Law in Support of Motion to Dismiss Complaint,* dated December 18, 1998.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of personal jurisdiction is denied without prejudice to defendant's right to renew its motion after the factual record in this case is developed further. Defendant's motions to dismiss for insufficient service of process, and on the ground of forum non conveniens, are denied.

**IT IS SO ORDERED.**