09-0844-cv
Xiu Feng Li v. Douglas Hock and SMP Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand and ten.

Present:      RALPH K. WINTER,
              JOHN M. WALKER,
              ROSEMARY S. POOLER,
                        Circuit Judges.

_____

Xiu Feng Li,

                              Plaintiff-Appellant,

              -v-                              09-0844-cv(L), 09-2038-cv (con)

Douglas Hock and SMP, Inc.

                              Defendants-Appellees.

_____

Appearing for Appellant:        David L Sobiloff, Morelli Ratner, PC, New York, NY

Appearing for Appellees:        Edward Fogerty, Jr., Litchfield Cavo LLP, New York, NY

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Meng Qui Li ("Li"), a resident of New York and now deceased, was employed by New Yung Wah Carrier, LLC ("NYWC"), a food delivery company based in New York. Douglas Hock ("Hock") is a Pennsylvania resident who was employed by SMP, Inc. ("SMP"), a Pennsylvania corporation, with its principal place of business in Phillipsburg, New Jersey. On January 9, 2007, Hock drove from South Carolina to New Jersey to make a delivery of some lumber. Hock's truck collided with a vehicle owned by NYWC in which Li was a passenger. Li died as a consequence of the collision.

Xiu Feng Li brought this action as decedent to her husband, Li, in the Supreme Court of the State of New York, County of Kings. Defendants removed this case to the United States District Court for the Eastern District of New York. On January 30, 2009, the district court entered an order granting defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff subsequently brought a motion under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) to vacate the dismissal and to transfer the case to the United States District Court for the Eastern District of Pennsylvania. The district court entered an order denying the Rule 60(b) motion and declining to transfer the case. Plaintiff now appeals both orders. We assume the parties' familiarity with the underlying facts, the procedural background, and the specification of the issues on appeal.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for a lack of personal jurisdiction, a plaintiff carries the burden of demonstrating that jurisdiction exists. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). Where a court, as here, has not "conduct[ed] a full-blown evidentiary hearing on a motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). A plaintiff need only plead "legally sufficient allegations of jurisdiction." Jazini v. Nissan Corp., 148 F.3d 181,184 (2d Cir. 1998). We review a district court's dismissal of an action for lack of personal jurisdiction de novo. Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

In order to resolve a motion to dismiss for lack of personal jurisdiction, a district court must first "determine whether there is jurisdiction over the defendant under the relevant forum state's laws." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). Next, the court asks "whether an exercise of jurisdiction . . . is consistent with federal due process requirements." Id.

Plaintiff argues that the district court had personal jurisdiction over defendants under N.Y. C.P.L.R. § 301 ("Section 301"), which permits a court to exercise personal jurisdiction over a foreign defendant that is "doing business" in New York. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000).

"[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." Id. (internal citation and quotation marks omitted). See Landoil Res. Corp v. Alexander & Alexander Serv. Inc., 918 F.2d 1039 (2d Cir. 1990).

New York courts have focused on several factors to support a finding that a defendant was "doing business," including "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." Landoil, 918 F.2d 1039 at 1043. Additionally, "[s]olicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign manufacturer or purveyor of services." Laufer v. Ostrow, 55 N.Y.2d 305, 310 (1982). If the solicitation is "substantial and continuous," however, "and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist." Landoil, 918 F.2d at 1043 (citing Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 763 (2d Cir.1983)).

Plaintiff alleged several facts relevant to whether SMP was "doing business" in New York at the time of the accident. Wiwa, 336 F.3d at 95. First, she argued that Hock, during his employment as SMP, "made 20-50 deliveries of materials to companies within New York State within one year and a half of the accident." She further alleged that therefore, "presumably other drivers working for [SMP] also made deliveries into New York." Finally, she alleged that SMP's website states that SMP operates "a trucking business in all 48 contiguous States of the United States and in all Canadian Provinces."

The district court correctly concluded that taken together, and in the light most favorable to the plaintiff, these facts do not demonstrate that SMP was "doing business" in New York under Section 301. As the district court observed, "[t]here is no evidence indicating that SMP maintains an office in New York, has bank accounts or other property in New York, has a New York telephone listing, performs public relations work in New York, or has any employees located in New York." Nearly all of the central factors relevant to the determination of whether a defendant is "doing business" in New York therefore weigh against a finding of personal jurisdiction. The fact that SMP transported goods into New York is also not dispositive. See Beacon Enter. Inc., v. Menzies, 715 F.2d 757, 763 (2d Cir. 1983).

SMP's solicitation of business in New York raises a somewhat closer question. While SMP advertises on its website that it "conduct[s] a trucking business in all 48 contiguous" states, this statement does not rise to the level of a "substantial and continuous" solicitation that would support the exercise of personal jurisdiction. Landoil, 918 F.2d at 1043.

Assuming, arguendo, that plaintiff could show that the district court had jurisdiction under Section 301, she could not show that the exercise of jurisdiction would be consistent with federal due process requirements. Wiwa, 226 F.3d at 99. To satisfy the requirements of due process, a plaintiff must first show first that defendant has "minimum contacts" with the forum state. See Metropolitan Life Ins. Co., 84 F.3d at 568. Second, the plaintiff must demonstrate that the exercise of jurisdiction comports with "'traditional notions of fair play and substantial justice.'" Id. SMP's occasional solicitations in and shipments to New York were too infrequent and too insignificant to give rise to an expectation that SMP would be subject to jurisdiction there, and they therefore do not constitute minimum contacts. Bank Brussels, 305 F.3d at 127.

Plaintiff also argues that the district court erred in failing to conduct jurisdictional discovery. We do not agree. We review a district court's decision to decline to conduct

jurisdictional discovery for abuse of discretion. <u>First City, Texas-Houston, N.A. v. Rafidain Bank</u>, 150 F.3d 172, 175 (2d Cir. 1998). To find that a district court abused its discretion in declining to conduct discovery on a motion to dismiss for a lack of personal jurisdiction, we must conclude that a plaintiff established a prima facie case that jurisdiction exists. <u>Best Van Lines Inc. v. Walker</u>, 490 F.3d 239, 255 (2d Cir. 2007). Since we conclude that there was no prima facie case for jurisdiction, we also find that the district court did not err in declining to engage in jurisdictional discovery.

We also do not accept plaintiff's argument that the case should have been transferred to the Eastern District of Pennsylvania. On a motion to transfer under section 28 U.S.C. § 1404(a) or 1404(b), the burden is on the movant to show that the transfer is justified. <u>Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.</u>, 865 F.2d 513, 521 (2d Cir.1989). "Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum . . . discretionary transfers are not favored." <u>Ayers v. Arabian American Oil Co.</u>, 571 F. Supp. 707, 709 (S.D.N.Y. 1983) (internal citation and quotation marks omitted)). We find that plaintiff has not met her burden to show that the matter should have been transferred.

Finally, plaintiff argues that her motion to vacate the judgment under Federal Rule of Civil Procedure 60(b) should have been granted. "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." <u>Mendell ex rel Viacom Inc. v. Gollust</u>, 909 F.2d 724, 731 (2d Cir. 1990) (citing <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986)). An attorney's failure to follow court rules or effectively prosecute his case, or to be aware of the statutes of limitations in the relevant jurisdictions, does not qualify as exceptional circumstances. <u>See</u> <u>Nemaizer</u>, 793 F.2d at 62. We therefore reject this argument as well.

Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4