13-1639-cv
Universal Trading & Investment Co., Inc. v. Credit Suisse (Guernsey) Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
                       GERARD E. LYNCH,
                       CHRISTOPHER F. DRONEY,

*Circuit Judges.*

———————————————————————————

Universal Trading & Investment Co., Inc., Foundation Honesty International, Inc.,

*Plaintiff-Appellants*,

v.                                                                    Nos.   13-1639-cv

Credit Suisse (Guernsey) Ltd., Credit Suisse AG, Credit Suisse Trust Ltd.,

*Defendant-Appellees*,

Philip John Glanfield, Pamela Freda Kay Le Cheminant, Julia Rosalind Church, and Does from 1 to 10.

*Defendants*.[*]

———————————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT:          GEORGE LAMBERT, Esq., Law Offices of Leonard
                        Suchanek (Peter A. Joseph, Law Offices of Peter A. Joseph,
                        New York, New York, on the brief) Washington, District of
                        Columbia.

FOR APPELLEE:           JULIE A. NORTH, Cravath, Swain, and Moore, LLP, New
                        York, New York.


Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the of the district court is AFFIRMED.

Appellants Universal Trading & Investment Co., Inc. and Foundation Honesty International, Inc., appeal from a judgment of the United States District Court for the Southern District of New York dismissing their complaint. Appellants claimed that several entities affiliated with Credit Suisse, as well as a number of the bank's employees, helped a pair of rogue Ukrainian officials to hide money rightfully due to appellants under a default judgment. The complaint listed nine causes of action, all of which relied on the contention that Credit Suisse knowingly laundered money for the corrupt officials. The district court dismissed the action for lack of personal jurisdiction over all defendants except Credit Suisse AG, see Fed. R. Civ. P. 12(b)(2), and for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6). On appeal, appellants argue that the district court had personal jurisdiction over the dismissed Credit Suisse defendants, and that counts 1-3 and 5-8 of the complaint were either adequately pled, or could have been sufficiently pled had appellants had an opportunity to amend their complaint. We assume the parties' familiarity with the facts, and the procedural history of the case, to which we refer only as necessary to explain our decision.

2

We review the district court's legal conclusions *de novo* on appeal. See Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005) (standard of review for dismissal for want of personal jurisdiction); Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (standard of review for dismissal for failure to state a claim).

1. Personal Jurisdiction

Plaintiffs bear the burden of establishing that a court has jurisdiction over a defendant. Bank of Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). "Specific personal jurisdiction exists when a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum . . . and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." In re Terrorist Attacks on September 11, 2001, 714 F.3d 659, 673-74 (2d Cir. 2013) (quotation marks and brackets omitted).

Nothing in appellants' original complaint suggests, let alone supports a finding, that the district court had either specific or general jurisdiction over Credit Suisse Guernsey ("CS Guernsey") or Credit Suisse Trust ("CS Trust"). Appellants' complaint asserts jurisdiction over the defendants based on two $460,000 transfers from Credit Suisse accounts to New York accounts allegedly held by the Ukrainian officials. Although multiple transfers to a New York account may establish minimum contacts with the state, a plaintiff must still establish "at a minimum, a relatedness between the transaction[s] and the legal claim such that the latter is not completely unmoored from the former." Licci v. Lebanese Canadian Bank, SAL, 20 N.Y.3d 327, 339 (2012). Appellants alleged that the three Credit Suisse entities knew that the money they

allegedly laundered through their accounts was lawfully owed to appellants. But both transfers occurred in 1997, years before appellants filed the original suit that resulted in the default judgment that would have put Credit Suisse on notice. Thus, it is impossible that the transfers had any relationship, let alone a "substantial relationship," to appellants' current claim that the banks knew appellants were owed money, and still helped the Ukrainian officials hide assets from them. Id. at 333.

Appellants' proffered grounds for the district court's general jurisdiction over CS Guernsey and CS Trust are equally weak. To establish general jurisdiction, a plaintiff must set forth facts of a "continuous and systematic course of doing business" in New York that "warrant[s] a finding of [defendants'] presence" in the state. Laufer v. Ostrow, 55 N.Y.2d 305, 309-10 (1982) (quotation marks). Appellants stated in their complaint that CS Guernsey maintained a bank account in New York, but that alone is not enough. We have previously held that the "alleged use of a correspondent bank account[] . . . [is] insufficient to support the exercise of general personal jurisdiction." In re Terrorist Attacks on September 11, 2001, 714 F.3d 659, 680 (2d Cir. 2013). And appellants did not allege, for example, that CS Guernsey had offices in New York, solicited business in New York, had a phone listing in New York, or had any employees in New York. See Hoffritz for Cutlery, Inc. v. Amjac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985) (listing factors to assess whether defendant conducted business in New York "with a fair measure of permanence and continuity"). Appellants said even less about CS Trust's connection to New York: in their response to defendants' motion in the district court, appellants pointed to CS Trust's admission that it had several American clients. But an allegation that a defendant solicits business in the United States is not the same as one that the defendant conducts business

in New York, and the district court correctly deemed the allegation insufficient to support specific jurisdiction.[1]

Appellants also argue that they should have been permitted to conduct jurisdictional discovery. The standard for awarding jurisdictional discovery is low; plaintiffs need only plead "legally sufficient allegations of jurisdiction" and may do so "through [their] own affidavits and supporting materials[,] containing an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation marks and citations omitted). The district court correctly held that appellants failed to meet that burden, and did not err in declining to allow appellants to fish for additional grounds of jurisdiction that they had not alleged.

2. Failure to State a Claim

In reviewing the district court's grant of a motion to dismiss, we accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Rothstein v. UBS AG, 708 F.3d 82, 90 (2d Cir. 2013). At a minimum, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1] Nor can appellants establish a basis for jurisdiction over CS Guernsey and CS Trust by pointing to the court's power over Credit Suisse AG. As our Circuit has held, a parent company's control over a subsidiary is generally not enough to subject the subsidiary to suit in New York courts, and jurisdiction is only proper "when the activities of the parent show a disregard for the separate corporate existence of the subsidiary." Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,751 F.2d 117, 120 (2d Cir. 1984). Thus, Credit Suisse AG's admission of jurisdiction, including statements the company made in an unrelated deferred prosecution agreement with the Department of Justice, does not bear on the analysis of its subsidiaries' contacts with New York state.

As the district court correctly held, all of appellants' claims fail as a matter of law. Counts 2, 3, and 5-8 are time-barred. Although the complaint lists many recent facts about the Ukrainian officials who were the defendants in the prior action, the only alleged actions of the three Credit Suisse entities occurred in the late 1990s. Appellants did not file their complaint until over a decade later, well past the statute of limitations for claims sounding in tort. In addition, although appellants now argue that conduct in 2012 by the appellees would defeat the application of the statute of limitations, the complaint does not allege actionable conduct after the 1990s.

Count 1 fails for a similar reliance on past events. Appellants seek turnover of assets allegedly owned by the Ukrainian officials[2] that are currently under the Credit Suisse defendants' control. But the only specific allegation that those officials used a Credit Suisse account also date back to the 1990s. Nowhere does the defendant proffer a basis to find that Credit Suisse still holds any of the funds sought by the appellants.

3. Amendment

Finally, appellants argue that the district court erred by denying them leave to amend their complaint. That contention is unavailing. First, it is unclear whether appellants ever timely sought leave to amend their complaint. In their opposition to the motion to dismiss, they requested "expedited jurisdictional discovery . . . with leave to supplement Plaintiffs' response to the MTD, and leave to amend." J. App'x at 61. The request conditioned "leave to amend" on the award of "expedited jurisdictional discovery," implying that without further information about the defendants, appellants had no means to cure the deficiencies in the complaint. Second, even if

---

[2] Technically, appellants seek assets allegedly belonging to the purported corporate parent of United Energy Systems of Ukraine ("UESU"), and UESU proceeds allegedly held by the Credit Suisse defendants in trusts for the benefit of the officials. For simplicity's sake, here and subsequently we use the terms "assets" or "funds" of the "Ukrainian officials" in this sense.

appellants' cursory request had been sufficient, the district court would have correctly deemed any amendment futile as appellants did not, and still have not, pointed to a specific basis for the exercise of jurisdiction over CS Guernsey or CS Trust, or to believe that a Credit Suisse entity knowingly laundered money owed to appellants, or currently holds funds for the Ukrainian officials. See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997). Finally, the district court correctly ruled that appellants' Rule 59 motion failed to identify any grounds sufficient to set aside the court's judgment. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (noting that a party seeking leave to amend a complaint after a case is closed must first proffer a basis to set aside the judgment).

We have reviewed each of appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7